JOHN P. MOORE, Circuit Judge.
 

 This is a diversity case in which plaintiff Delgado Oil Company (Delgado) recovered a judgment from defendant James R. Cleveland (Cleveland) upon a common law theory that Cleveland, a director of an insolvent corporation, Balducci Oil Company, Inc. (Balducci), was liable for losses incurred by the plaintiff. This action was maintained even though Balducci had filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. We hold the filing of the bankruptcy proceeding deprived the district court of subject matter jurisdiction over this case, and we reverse.
 

 In July 1982, Delgado commenced an action which was removed to the United States District Court for the District of Wyoming, averring that defendant Cleveland, as a director of Balducci, made false representations about the company’s financial statements on which Delgado relied in extending credit to Balducci. Delgado also claimed Cleveland willfully mismanaged the assets of the company resulting in the preferential payment of certain Balducci creditors whose debts were guaranteed by Cleveland. Plaintiff alleged these actions were taken to protect and promote Cleveland’s personal interests to the detriment of the corporation and in breach of his fiduciary obligation to plaintiff. After a bench trial, the district court concluded, under Wyoming law, Cleveland was not liable for fraud.
 
 [1]
 
 On the second claim, the court applied Colorado common law and found Cleveland, in his capacity as a director of an insolvent corporation, liable for unlawful preferential payments in breach of his fiduciary duty. The court entered judgment accordingly.
 
 [2]
 

 Prior to trial, in March 1982, Balducci had filed a petition for reorganization under Chapter 11 of the Bankruptcy Code (11 U.S.C. §§ 1101-1146) in the United States Bankruptcy Court for the District of Colorado.
 
 [3]
 
 Because Balducci was not a party in the instant case, the automatic stay provisions of the Bankruptcy Code did not affect the pendency of this suit. More importantly, no party apparently considered the possible effect of the bankruptcy nor presented the question of whether the trial court retained jurisdiction over the issue of a preferential transfer.
 
 [4]
 

 Nevertheless, once addressed, this critical question is dispositive. Subject matter jurisdiction is never presumed. In every case and at each stage of the proceeding, we must satisfy ourselves that our jurisdiction is proper.
 
 Treinies v. Sunshine Mining Co.,
 
 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85 (1939). Moreover, although the parties never challenged jurisdiction, we must
 
 sua sponte
 
 raise the issue to assure our proper jurisdiction.
 
 [5]
 

 Tafoya v. U.S. Dept. of Justice, LEAA,
 
 748 F.2d 1389 (10th Cir.1984).
 

 The question presented is whether, under the Bankruptcy Reform Act of 1978 (the
 
 *860
 
 Code),
 
 [6]
 
 the filing of a bankruptcy petition by a corporation deprives the district court of jurisdiction to try the issue of a preferential transfer by a corporate director and vests the bankruptcy court with exclusive jurisdiction. After viewing the appropriate statutory provisions, we conclude the question must be answered in the affirmative.
 

 We start our analysis with the provisions of 28 U.S.C. § 1471(a), (e) (1978), which state:
 

 (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
 

 [[Image here]]
 

 (e) The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debt- or, as of the commencement of such case.
 

 Subsection (e) creates exclusive jurisdiction in the bankruptcy court of
 
 “all property of the debtor.”
 
 Breathing life into the latter phrase is the definition of “property of the debtor.” Title 11 U.S.C. § 541(a)(3) provides in part:
 

 (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:
 

 [[Image here]]
 

 (3) Any interest in property that the trustee recovers under section 543, 550, 553, or 723 of this title.
 

 This definition of the property of the estate is key to our inquiry and requires that recoveries made by the trustee (11 U.S.C. § 550)
 
 [7]
 
 in actions to void preferential transfers be included in the estate under 11 U.S.C. § 547. Thus, when § 541(a)(4) is applied to 28 U.S.C. § 1471(e), we must conclude that, by statute, the bankruptcy court is the only court with postbankruptcy subject matter jurisdiction over preferential transfers of the debtor’s property.
 

 Application of this principle to the instant case circumscribes our jurisdictional inquiry. At the outset, we recognize the filing of the bankruptcy petition instantly alters the rights of a corporation and its creditors. As a general rule, and outside the context of a bankruptcy case, the fiduciary obligation of officers, directors, and shareholders is enforceable directly by the corporation or through a stockholder’s derivative action. However, “it is, in the event of bankruptcy of the corporation, enforceable by the trustee. For that standard of fiduciary obligation is designed for the protection of the entire community of interests in the corporation — creditors as well as stockholders.”
 
 Pepper v. Litton,
 
 308 U.S. 295, 306-307, 60 S.Ct. 238, 245, 84 L.Ed. 281 (1939) (citations omitted). The § 541 estate, thus, includes any right of action the debtor corporation may have to recover damages for misconduct, mismanagement, or neglect of duty by a corporate officer or director. The trustee in bankruptcy succeeds to that right. Its nature is derivative.
 
 See
 
 4 Collier on Bankruptcy ¶ 541.10[8] (15th ed. 1983).
 

 The Chapter 11 debtor, as debtor in possession, is endowed with the powers of a trustee. As a creature of statute, the trustee possesses only those powers conferred upon him by the Code, and he alone can exercise those rights to the exclusion of all others. This special status enables the trustee to achieve an equality of distribution among the corporation’s unsecured creditors. Hence, as trustee of the Chapter 11 estate, only Balducci could maintain a postbankruptcy action to recover a preferential transfer. 11 U.S.C. §§ 1101(1), 1107(a).
 
 [8]
 
 It follows, only the bankruptcy
 
 *861
 
 court can entertain the action.
 
 Mitchell Excavators, Inc. by Mitchell v. Mitchell,
 
 734 F.2d 129 (2d Cir.1984);
 
 In re MortgageAmerica Corp.,
 
 714 F.2d 1266 (5th Cir.1983).
 

 Thus, the filing of the bankruptcy petition by Balducci transmuted the legal rights of its creditors seeking recovery of corporate debts. However, plaintiff Delgado invoked the doctrine of Colorado common law imposing liability on a corporate officer or director for the breach of fiduciary duties owed to the corporation’s creditors.
 
 Crowley v. Green,
 
 148 Colo. 142, 365 P.2d 230 (1961);
 
 Rosebud Corp. v. Boggio,
 
 39 Colo.App. 84, 561 P.2d 367 (1977). Delgado sought to impose individual liability on Cleveland as a
 
 director
 
 for actions which directly and “tortiously” injured Delgado as an unsecured creditor who had extended credit to Balducci as a
 
 corporation.
 
 Delgado relied on a series of Colorado cases which, under ostensibly similar situations, allowed recovery to creditors or an individual creditor on the theory that directors owe a duty to creditors not to divest corporate property for the director’s benefit.
 
 [9]
 
 Central to the common law doctrine is the recognition that
 
 creditors
 
 may pursue this remedy
 
 on behalf of the corporation
 
 to ensure that
 
 all creditors
 
 are treated equally.
 
 Ficor, Inc. v. McHugh,
 
 639 P.2d 385 (Colo.1982).
 
 [10]
 

 However skillfully pleaded, the instant common law action is preempted by the bankruptcy case. Even under the common law, plaintiff’s cause of action is maintainable only through the debtor corporation; hence, it is property of the estate.
 
 [11]
 
 Defendant
 
 Cleveland
 
 was not the debtor. Any liability of Cleveland to Balducci creditors for violating a trust relationship was thrust upon him solely because of his capacity as a director of an insolvent corporation indebted to the plaintiff.
 
 [12]
 
 Of greater consequence, this trust relationship applied to all the creditors of Balducci, not just this plaintiff. The intervention of the bankruptcy case now prevents the inequity of one creditor recovering more on its debt than the remaining similarly situated creditors can recover on theirs.
 

 The overriding nature of the bankruptcy action to recover a preference cannot be circumvented. When a debtor corporation has made a transfer of its assets which results in the preference of one or more creditors over others, the purpose of an action against those transferees is to return assets to the debtor’s estate for equitable distribution to all creditors. While the common law action to recover a preferential transfer can be maintained by creditors under certain circumstances, the intervention of the events of bankruptcy and
 
 *862
 
 the pervasive jurisdiction of the bankruptcy court must negate the common law right of recovery. The negation occurs to satisfy the basic bankruptcy purpose of treating all similarly situated creditors alike. To do this, the trustee in bankruptcy is given power to recover, as property of the debt- or, preferentially transferred property or the value of that property.
 

 We cannot ignore the significance of the recovery in the context of our case. Even in the common law action, the property allegedly preferentially transferred by Bal-ducci was not that of Delgado but of
 
 Bal-ducci.
 
 In the light of the creation and function of the bankruptcy estate, only the trustee has the right to reach out and recover
 
 the value of
 
 that property.
 

 Accordingly, the judgment of the trial court is reversed, this case is remanded, and the trial court is directed to dismiss the action for preferential transfer against the defendant.
 

 [1]
 

 . The court found that Cleveland did not actively participate in any fraud and that Delgado did not rely on the financial statement in deciding to extend credit to Balducci.
 

 [2]
 

 . Delgado’s action was instituted against both Cleveland and Michael R. Torres, the comptroller of Balducci. Torres is not a party to this appeal.
 

 [3]
 

 . Delgado filed a claim as an unsecured creditor in the bankruptcy court and was a member of the creditors’ committee. However, according to the record, Delgado received nothing from the bankruptcy distribution.
 

 [4]
 

 .The first claim for alleged fraud was obviously beyond the purview of the bankruptcy proceeding; but, at trial, the court held for the defendants on this claim, and that finding has not been appealed.
 

 [5]
 

 . After we raised the jurisdictional question, the parties were given the opportunity to submit supplemental briefs confined solely to the issue of whether the filing of the bankruptcy petition had the effect of depriving the district court of jurisdiction to try the issue of the existence of a preferential transfer.
 

 [6]
 

 . Although repealed by the Bankruptcy Amendments and Federal Judgeship Act of 1984, provisions of the Code applicable at the time of trial are referenced throughout this opinion.
 

 [7]
 

 . This section provides: "[T]o the extent that a transfer is avoided under section ... 547 ... of this title, the trustee may recover, for the benefit of the estate, the property transferred, or ... the value of such property_”
 

 [8]
 

 .Indeed, according to the supplemental record, the trustee in this case brought such an action in the bankruptcy court. In its order filed De
 
 *861
 
 cember 24, 1984, the bankruptcy court granted summary judgment in favor of Cleveland on the issue of alleged preferential transfers. On appeal to the district court, the order was reversed and trial of the issue was set.
 

 [9]
 

 . Appellant cites
 
 Crowley v. Green,
 
 148 Colo. 142, 365 P.2d 230 (1961);
 
 La Fond v. Basham,
 
 683 P.2d 367 (Colo.Ct.App.1984);
 
 Rosebud Corp. v. Boggio,
 
 39 Colo.App. 84, 561 P.2d 367 (1977);
 
 Fishel v. Goddard,
 
 30 Colo. 147, 69 P. 607 (1902).
 

 [10]
 

 . Although a single creditor recovered a judgment in
 
 Ficor,
 
 the court emphasized that the equitable distribution principle was preserved since plaintiff was the only unpaid creditor of the defendant corporation.
 

 [11]
 

 . A contrary result would be anomalous. Plaintiffs suit is akin to a shareholder’s derivative action which, upon the filing of a petition in bankruptcy, is property of the estate.
 
 Accord Mitchell Excavators, Inc. by Mitchell v. Mitchell,
 
 734 F.2d 129;
 
 In Re MortgageAmerica,
 
 714 F.2d 1266.
 
 See also
 
 4 Collier on Bankruptcy ¶ 541.-10[8] (15th ed. 1983). Delgado also cites this section of Collier:
 

 The trustee, however, stands in the shoes of the debtor corporation in prosecuting a cause of action belonging to the debtor, and where the applicable state law makes such obligations or liabilities run to the corporate creditors personally, rather than to the corporation, such rights of action are not assets of the estate under section 541(a) that are enforceable by the trustee.
 

 However, as Collier further notes, the trustee has other powers to bring such actions; and, as noted in
 
 In re MortgageAmerica,
 
 the action "can most properly be thought of as ‘belonging’ to the corporation....”
 

 [12]
 

 .Plaintiff never argued alter ego or piercing the corporate veil as a means of fixing liability on Cleveland.