In re LAKESIDE CORPORATION, Debtor.

UNITED NEW MEXICO BANK AT ALBUQUERQUE, Plaintiff,

v.

LAKESIDE CORPORATION, a New Mexico corporation, Alto Village Services Corporation, a New Mexico corporation, Allen Marks, Janet Marks, and Yeta Ann Blaugrund Marks, Defendants.

Bankruptcy No. 11–87–02213 M R.

Adv. 91–1238 M.

United States Bankruptcy Court, D. New Mexico.

April 16, 1992.

Bill J. Sholer, Albuquerque, N.M., for Lakeside.

John P. Eastham, Charlotte A. Lamont, Albuquerque, N.M., for Alto.

Walter L. Reardon, Jr., Albuquerque, N.M., for Allen and Janet Marks and Yeta Marks.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on defendants Allen and Janet Marks' motion to dismiss or in the alternative, motion for summary judgment on the second amended complaint to set aside distribution of assets. Having considered the briefs, the arguments of counsel, the applicable law, and being otherwise fully informed and advised, the Court finds the motion to dismiss is well taken and will be granted.

## FACTS

Defendant Alto Village Services Corporation (AVSC) is a wholly owned subsidiary of the debtor and was listed as an asset of the debtor on its schedules. The second amended complaint (complaint) seeks to set aside the payment of approximately $160,000 in principal and $178,000 in interest paid to defendants Allen and Janet Marks out of proceeds of the sale of AVSC. The complaint alleged that the payment was for a note entered into on or about May 25, 1985, which was signed by the debtor,

AVSC and by M.H. Blaugrund. The note provided that the debtor, AVSC, and Blaugrund would pay the Marks the original principal sum of $200,000 plus interest initially accruing at the rate of 12.79% per annum and thereafter at a rate equal to the rate on 26 week U.S. Treasury Bill to be determined annually as of April 25th of each year. The note further provides that, "[a]ll sums past due under the terms of this note shall bear interest from their maturity at the maximum legal rate of interest." Pltf. Ex. A to complaint.

On October 30, 1987, Lakeside filed a chapter 11 bankruptcy petition. The plan was confirmed on May 4, 1990. Plaintiff United New Mexico Bank at Albuquerque (United) voted to accept the plan, allegedly based on a provision of the plan which provided that the Court would retain jurisdiction to determine

> all questions and disputes regarding title to the assets of the estate, and determination of all causes of action, controversies, disputes or conflicts, whether or not subject to motions pending as of the date of confirmation, between the Debtors and any other party, including but not limited to, any right of the Debtor to recover assets pursuant to the provision of Title 11 of the U.S. Code.

Complaint, ¶ 14. The plan further provided that a sale of AVSC was contemplated and that the sale would be noticed to all creditors and would be consummated only after approval of the Bankruptcy Court. Complaint, ¶ 35, *citing* page 7 of the Second Amended Plan. The complaint further alleged that on or about, October 23, 1990, the sale of AVSC by Lakeside was closed. From the proceeds of the sale, $160,000 in principal and $178,000 in interest was paid to the Marks, without advance notice to creditors or hearing by the Court.

## DISCUSSION

Although the Bankruptcy Code section is not specifically cited, United is apparently trying to set aside an unauthorized post-petition transfer of property of the estate on the basis that (1) the interest was usurious, and (2) the sale was consummated without notice to creditors and Court ap-

proval, as required by the plan. The Code provides:

> [T]he *trustee* may avoid a transfer of property of the estate—
>> (1) that occurs after the commencement of the case; and
>>
>> (2)(B) that is not authorized under this title or by the court.

11 U.S.C. § 549 (emphasis added). The Code language is clear and unambiguous; the trustee is the entity empowered with avoiding post-petition transfers.

Courts have been uniform in holding that creditors do not have standing to avoid post-petition transfers. "[The creditor] is faced with the fact that § 549 is an avoidance power belonging solely to the trustee or debtor-in-possession. In general, ... only trustees and debtors-in-possession, *not* creditors, have standing to invoke avoidance powers." *In re Pointer*, 952 F.2d 82, 87 (5th Cir.1992). *Accord Delgado Oil Co. v. Torres*, 785 F.2d 857 (10th Cir.1986).

Courts have, however, allowed a creditor to proceed with an avoidance action once the creditor has obtained Court approval. For a creditor to assert the trustee's avoidance power, "courts have found it imperative that the creditor first seek approval from the bankruptcy court and demonstrate that the claim is potentially meritorious." *In re Munoz*, 111 B.R. 928, 931 (Colo.1990). As the Fifth Circuit quoted,

> This is not to suggest that a bankruptcy court can never authorize an avoidance action on behalf of the estate by an individual creditor in a Chapter 11 case. Fair and orderly bankruptcy administration, however, would dictate that such authority might be granted upon showings of particularly extraordinary circumstances.

*In re Pointer*, 952 F.2d 82, 88 (5th Cir. 1992), *citing, In re V. Savino Oil & Heating Co.*, 91 B.R. 655, 656–57 (Bankr. E.D.N.Y.1988). Therefore, the Court finds that because United failed to obtain Court approval before commencing the adversary proceeding, the proceeding should be dismissed. The proceeding will be dismissed without prejudice, allowing United to move for Court approval to prosecute the action.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law. Fed.R.Bankr.P. 7052. An appropriate order shall enter.