[No. B079150. Second Dist., Div. Seven. Aug. 15, 1995.]

PRACTICE SERVICE CORPORATION et al., Plaintiffs and Appellants,
v.
HCA HEALTH SERVICES OF CALIFORNIA, INC., Defendants and
Respondents.

**COUNSEL**

Sheppard, Mullin, Richter & Hampton, John R. Pennington and Fred R. Puglisi for Plaintiffs and Appellants.

Hooper, Lundy & Bookman, Jay N. Hartz and Rina J. Pakula for Defendants and Respondents.

**OPINION**

**WOODS (Fred), J.**—Practice Service Corporation (PSC) and CMS, Inc. (CMS) (plaintiffs and appellants) sued HCA Health Services of California, Inc. (HCA or respondent) and others for fraud and other torts. An alleged cotortfeasor, Western Health Associates Medical Group, Inc. (WHA), had declared bankruptcy and so was not a defendant. HCA demurred to the complaint and the trial court sustained the demurrer without leave to amend on the ground that only the WHA trustee in bankruptcy, not appellants, had standing to bring this action against HCA. We disagree and reverse the judgment of dismissal.

### Factual and Procedural Background

PSC leased employees and CMS provided consulting services to WHA, a medical group whose doctors (Drs. Clark, Glick, Fowls, and Sadja) provided psychiatric services to patients. WHA had a service agreement with Canyon Ridge Hospital and provided it with a medical director and other health care professionals. HCA was a general partner of Canyon Ridge Hospital.

Appellants (PSC and CMS), as a result of services they provided to WHA became its creditors. On March 1, 1991, WHA executed promissory notes to appellants, $310,165 to PSC and $121,562 to CMS. WHA also had an open book account with each appellant. To secure its interests, appellants obtained an assignment of WHA's present and future accounts receivable.

In September 1991 WHA defaulted on its obligations to appellants.

In November 1991 WHA and its doctors formed a replacement company, Psychiatric Corporation of America (PCA). In December 1991 WHA ceased to function. Thereafter, the doctors (Drs. Clark, Glick, Fowls, and Sadja) billed and practiced through PCA. PCA used WHA's building facilities, equipment, phones, and patient list. The doctors, through PCA, continued to provide their services to Canyon Ridge Hospital. Neither WHA nor its doctors informed appellants of these changes.

Misled by WHA, the doctors, and agents of HCA (respondent), appellants deferred enforcing their claims against WHA and sought to negotiate ways WHA could pay its debts.

On December 11, 1992, an involuntary bankruptcy petition was filed against WHA. On January 4, 1993, WHA consented to relief under the Bankruptcy Code.

On January 28, 1993, appellants filed the instant action against PCA, the doctors (Drs. Clark, Glick, Fowls, and Sadja), and HCA. WHA, protected by bankruptcy, was not a defendant. Among the alleged causes of action against all defendants were fraud (fifth cause of action), fraudulent omission (sixth cause of action), and conspiracy to defraud (seventh cause of action).

Doctor Sadja demurred to these three fraud related causes of action on the ground appellants lacked standing and only the WHA bankruptcy trustee could assert these claims. On May 21, 1993, the trial court sustained the demurrer without leave to amend.

On June 4, 1993, HCA supplemented its demurrer to add the "no standing" claim. On June 16, 1993, the trial court sustained the HCA's demurrer without leave to amend. Its sole ground was "no standing."

On August 13, 1993, the trial court denied appellants' motion for reconsideration and on September 3, 1993, entered a judgment of dismissal. This appeal followed.

During the pendency of this appeal we granted appellants' request to dismiss as to all respondents except HCA. Further, appellants confine their appeal to fraud causes of action five, six, and seven.

## DISCUSSION

In the trial court, respondent relied upon three cases for its contention that only the WHA bankruptcy trustee, not appellants, had standing to assert the fraud causes of action.

All three cases are distinguishable. In *Delgado Oil Co., Inc.* v. *Torres* (10th Cir. 1986) 785 F.2d 857 the director of a bankrupt corporation was sued for conduct detrimental to plaintiff *and* the bankrupt corporation. *Delgado* held that only the trustee in bankruptcy had standing to recover for this conduct.

Similarly, in *In re MortgageAmerica Corp.* (5th Cir. 1983) 714 F.2d 1266 when a plaintiff bank, with a judgment against a bankrupt company, sought to collect its judgment from the person who had owned and looted the company it failed because only the bankruptcy trustee had standing to recover the looted assets.

*Koch Refining* v. *Farmers Union Cent. Exchange, Inc.* (7th Cir. 1987) 831 F.2d 1339 is to the same effect. The defendants were member-owners of a bankrupt oil refinery company. Plaintiffs brought an action to have defendants declared liable for the debts of the bankrupt company. *Koch Refining* held the proper party to assert this claim was the trustee in bankruptcy.

In each of these cases, unlike the instant matter, the defendant was a director or owner of a bankrupt company and liable to that company for the very conduct relied upon by the plaintiff. These cases hold that, in such circumstances, the common cause of action may be pursued only by the trustee in bankruptcy.

But when a cause of action does not belong to the party in bankruptcy, an ordinary plaintiff may proceed against a culpable associate of the bankrupt party. The following cases are illustrative.

In *Fortier* v. *Dona Anna Plaza Partners* (10th Cir. 1984) 747 F.2d 1324 the buyer of a shopping center sued the seller, contractors, and an architect

because the shopping center parking lot was defective. Before trial, the architect declared bankruptcy. The other defendants claimed proceedings must be stayed. The court of appeals stated: "It would make no sense to extend the automatic stay protections to solvent co-defendants." (*Id.* at p. 1330.)

In *In re Curry and Sorensen, Inc.* (Bankr. 9th Cir. 1986) 57 Bankr. 824 plaintiffs filed their claims in bankruptcy court against the bankrupt company and its former president. The appellate court held that plaintiffs had standing to pursue one of their claims against the former president because the representative of the bankrupt company was not entitled to pursue it.

Most similar to the instant case is *Cumberland Oil Corp.* v. *Thropp* (2d Cir. 1986) 791 F.2d 1037. Cumberland Oil Corp. asked Thropp, the president of Benchmark, a drilling company, if Benchmark was financially secure enough to drill three holes for Cumberland. Thropp assured Cumberland it was. Benchmark received the contract and drilled the holes but the results were not entirely satisfactory to Cumberland. Thereafter, Benchmark—stripped of most of its assets by Thropp—was served with a petition of involuntary bankruptcy by an unrelated creditor.

Cumberland sued Thropp in federal district court (*not* bankruptcy court) for fraudulently misrepresenting the financial condition of Benchmark. Thropp claimed Cumberland lacked standing. The court of appeals rejected the claim,[1] observing that Cumberland did not seek to recover misappropriated assets. It stated, ". . . the right to recover for [intentional fraud] belongs to Cumberland, not to Benchmark. The cause of action is Cumberland's property, not part of the bankruptcy estate." (791 F.2d at p. 1042.)

As to the contention, also made by respondent, "that Cumberland's claims are merely artful repleadings of claims that would . . . be property of the bankruptcy estate" (791 F.2d at p. 1042), the court stated ". . . we conclude that the complaint was not merely an artful repleading of claims that were discharged in bankruptcy because Cumberland has alleged with particularity that misrepresentations of facts were made by . . . Thropp in furtherance of a conspiracy to defraud Cumberland." (*Id.* at p. 1043.)

Like Cumberland, appellants alleged fraud and conspiracy to commit fraud and did so with particularity. As to the fifth, sixth, and seventh causes

---

[1]It ultimately affirmed summary judgment for Thropp on other grounds.

of action, we conclude they belonged to appellants not to WHA and appellants had standing to pursue them. Accordingly, we find the trial court erred in sustaining respondent's demurrer to these causes of action.[2]

## DISPOSITION

The judgment is reversed. Costs on appeal are awarded to appellants.

Lillie, P. J., and Johnson, J., concurred.

---

[2]We express no opinion as to other grounds for respondent's demurrer since they were not fully argued below nor ruled upon by the trial court. (Cf. *Cumberland Oil Corp.* v. *Thropp, supra,* 791 F.2d at p. 1043.)