**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 24 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:

LARRY LLOYD HALL,

      Debtor.

LARRY LLOYD HALL,

      Plaintiff-Appellee,

v.

PATRICIA WALTER and
REUBEN ALAN WALTER,

      Defendants-Appellants,

  and

ROBERTA EARLEY,

      Appellant.

No. 96-1542
(D.C. No. 96-S-11)
(D. Colo.)

**ORDER AND JUDGMENT***

---

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Appellants Patricia and Reuben Alan Walter (the Walters), who were creditors in the underlying bankruptcy, attempted to implead in an adversary proceeding certain third-party defendants in an effort to round up putative additional assets owing to the bankruptcy estate. The issue here is whether creditors can do this and, if so, whether third-party impleader is the proper procedural vehicle to achieve this goal.

On December 17, 1994, the Walters obtained a judgment against Larry Hall and others in state court. The Walters quickly recorded their judgment in various Colorado counties. On January 9, 1995, Hall filed a petition under Chapter 13 of the Bankruptcy Code which was eventually converted to a Chapter 11 proceeding. Later in 1995, Hall filed an adversary proceeding to avoid the Walters' judgment liens as preferences. That adversary proceeding is the subject of this appeal.

In response to the complaint in the adversary proceeding, the Walters filed a pleading captioned "Answer and Counterclaims." Although not referred to as a third-party complaint, the pleading names three third-party defendants who held title to property allegedly belonging to the bankruptcy estate and included fifteen counterclaims based on various sections of the Bankruptcy Code. The Walters' theory of defense to the avoidance action was to demonstrate that, at the time they secured their judgment, Hall was not insolvent and, therefore, the judgment liens were not preferences.[1] The claims against the third-party defendants included charges of fraudulent conveyance and preferential transfer. In short, the Walters contended that Hall, when assessing his assets, failed to include his interest in property owned by the third-party defendants.

At the hearing before the bankruptcy court, the third-party defendants argued that two of the counterclaims violated Bankruptcy Rule 9011, that several of the claims failed to state a cause of action, and that the Walters, as creditors, had no standing to press avoidance claims based on preferential transfer or fraudulent conveyance, those claims being reserved exclusively for the trustee or debtor-in-possession. They also argued that the Walters' attempt to use the

---

[1] In order for the transfer of an interest of the debtor in property to be a preference, it must have been made while the debtor was insolvent. See 11 U.S.C. § 547(b)(3).

third-party impleader procedure set out in Bankruptcy Rule 7014 was improper under the circumstances.

The Walters' counsel, appellant Roberta Earley, responded that 11 U.S.C. § 1109(b) provided the authority for her strategy. That section provides: "A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

The bankruptcy judge, characterizing all of the counterclaims as avoidance actions, ruled that the Walters did not have standing to bring their counterclaims. He directed the parties to Consolidated Pet Foods, Inc. v. Millard Refrigerated Services, Inc. (In re S&D Foods, Inc.), 110 B.R. 34 (Bankr. D. Colo. 1990) (citing Delgado Oil Co. v. Torres, 785 F.2d 857 (10th Cir. 1986) and Citicorp Acceptance Co. v. Robison (In re Sweetwater), 884 F.2d 1323 (10th Cir. 1989), and stating "[t]he Courts have consistently held that only the trustee, the debtor in possession, or other representative of the estate under § 1123(b)(3)(B), may enforce the avoidance powers under §§ 547 and 548.").

The bankruptcy judge further explained that "you may, when the question of solvency comes up at this trial, show by proper evidence that these properties that you're talking about are indeed properties that should be included in the

estate and, therefore, the values included in the calculations. But you don't have the standing to bring the avoidance actions." Appellants' App. at 21. The judge instructed Ms. Earley how to proceed if the Walters insisted on bringing the avoidance actions: "The only way you would have standing to bring those avoidance actions is to make demand upon the debtor-in-possession to bring those, have that demand refused and then obtain permission . . . from [the judge in the main case] to bring these. That's the only way you have standing or authority to bring the avoidance actions." Id.

The judge then dismissed the counterclaim/third-party complaint as "totally improper procedurally" and "totally legally deficient." Id. at 28. Because he further found the complaint to have been filed in violation of Bankruptcy Rule 9011, the court also levied sanctions in the form of reasonable attorney's fees against Ms. Earley personally. Id. Both the Walters and Ms. Earley appealed to the district court.

The appellants' opening brief to the district court argued the propriety of their actions with reference to Bankruptcy Rule 7024 (Intervention); the district court, therefore, analyzed the case on that basis and concluded that "Congress did not create an absolute right to intervene in bankruptcy adversary proceedings through sec. 1109(b)." Id. at 35. Because the Walters had not sought permission

to intervene under Rule 7024(b), the district court found no error in the

bankruptcy court's dismissal of the third-party complaint. Id. at 36.

In addressing the propriety of the imposition of sanctions against

Ms. Earley, the district court stated:

> Ms. Earley filed a similar third party complaint in a companion case involving the same Defendants. Procedural deficiencies were pointed out to Ms. Earley, and the third party complaints were subsequently dismissed. That court also addressed how, procedurally, Ms. Early [sic] should pursue such claims.
>
> Ms. Earley has continued to pursue the third party complaints in this case disregarding the ruling set forth in the companion case. The legal issues in her third party complaints are different but her procedural deficiencies are the same. Her actions have amounted to an unnecessary delay and needless increase in the cost of litigation and administration of the case. The court concludes that sufficient basis existed for the imposition of sanctions.

Id. at 37-38. The court further affirmed the finding of the bankruptcy court that

the fees and costs incurred by appellees were reasonable. Id. at 38. The Walters

and Ms. Earley then appealed to this court.

On appeal, appellants frame the issues as: (I) "does a creditor who is being

sued have standing to bring property into an estate pursuant to Federal Rule of

Bankruptcy Procedure 7014?;" and (II) "was the bankruptcy court correct in

assessing sanctions against the attorney for the creditors?" In reviewing the

decision of a bankruptcy court, the district court and the court of appeals apply

the same standards of review that govern appellate review in other cases.

-6-

Therefore, we review the bankruptcy court's legal determinations de novo and its factual findings for clear error.  See Phillips v. White (In re White), 25 F.3d 931, 933 (10th Cir. 1994).

As an initial matter, we note that the Walters have argued three different statutory bases to three different courts in order to support their actions. 11 U.S.C. § 1109(b) was argued to the bankruptcy court; Bankruptcy Rule 7024 informs the district court's memorandum decision; and Bankruptcy Rule 7014 is the basis for the Walters' argument to this court.  The district court opinion makes no mention of Rule 7014, and we wondered whether that theory had been raised below.  Normally, we will not address on appeal an argument not presented to the district court.  See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992).  Our review of the briefs filed in the district court, however, reveals that the answer briefs for two of the third-party defendants made an argument based on Rule 7014.  The Walters responded to the Rule 7014 argument in their reply brief.  We therefore deem the Rule 7014 argument to have been raised below.  See Sadeghi v. INS, 40 F.3d 1139, 1143 (10th Cir. 1994) (court considered issue argued for the first time in reply brief because petitioner was responding to issue respondent raised in its brief).  "Although the issue was not ruled on below, we 'may' still resolve it."  National Commodity & Barter Ass'n v. Archer, 31 F.3d 1521, 1532 (10th Cir. 1994).

As mentioned above, the bankruptcy court concluded that the Walters did not have standing to bring their avoidance actions. We review this decision de novo, see United States v. Colorado Supreme Court, 87 F.3d 1161, 1164 (10th Cir. 1996), and we affirm.

Our review of the answer and counterclaims filed by the Walters confirms the bankruptcy court's conclusion that the actions contemplated by that pleading were, in fact, avoidance actions. The complaint is replete with charges that various property transfers involving Hall and the third-party defendants were preferential, fraudulent, and otherwise voidable and that said property should be turned over to the estate. See Appellants' App. at 88-103. As creditors, the Walters could not bring those claims in the guise of a third-party complaint in the adversary action. See Delgado Oil, 785 F.2d at 860. The right to bring avoidance claims at this stage of the proceedings was reserved to Hall, the debtor-in-possession. See id.

A debtor-in-possession under Chapter 11 has the same powers as a trustee. See id. Among the trustee's powers are the power to avoid preferences, see 11 U.S.C. § 547, and the power to avoid fraudulent transfers and obligations, see id. at § 548. "As a creature of statute, the trustee possesses only those powers conferred upon him by the Code, and he alone can exercise those rights to the exclusion of all others." Delgado Oil, 785 F.2d at 860 (holding that only

debtor-in-possession "could maintain a postbankruptcy action to recover a preferential transfer"); see also In re S&D Foods, 110 B.R. at 36. The Walters' claim that 11 U.S.C. § 1109(b) extends the avoidance power to creditors is without merit. The only way the Walters could have brought an avoidance action was to proceed as the bankruptcy court explained--by making demand on the debtor-in-possession (Hall), having that demand refused, and then obtaining permission from the judge in the main case to proceed. See Starzynski v. Sequoia Forest Indus., 72 F.3d 816, 821 (10th Cir. 1995). In Starzynski, this court explained:

> [C]reditors are not helpless when a debtor-in-possession refuses to bring avoidance actions and the statute of limitations is nearing expiration. Under 11 U.S.C. § 1104 (1993), any party in interest may request appointment of a trustee, and under 11 U.S.C. § 1109(b) (1993), a creditors' committee or even an individual creditor may, with leave of the bankruptcy court, initiate avoidance and other actions when the debtor-in-possession has failed to do so . . . . Alternatively, parties could seek an order extending the deadline for filing.

Id. at 821; see also 5 Collier on Bankruptcy ¶ 548.06[2] (Lawrence P. King ed., 15th ed. rev. 1997). Starzynski sets out the procedure which the Walters should have employed and, by implication, rules out a direct attempt to bring an avoidance action under the auspices of § 1109(b) as was attempted here.

The fact that the Walters were defendants in the adversary proceeding does not change this result. While they would not have to intervene in the adversary

proceeding because they were already parties, and while they could bring certain third-party claims via Rule 7014 if such existed, those claims could not include avoidance actions. The law is clear on this point. Reservation of the right to bring avoidance actions to the trustee or the debtor-in-possession, as the case may be, furthers the goal of the bankruptcy laws to ensure equal estate distribution among creditors. The Walters' status as defendants in an adversary action does not change this policy rationale. The Walters could not bring their avoidance claims in the adversary proceeding by way of Rule 7014 or any other rule. The bankruptcy court was correct to dismiss the counterclaims and third-party complaint.

We now address the propriety of the levy of sanctions against Ms. Earley in the form of reasonable fees and costs incurred by the putative third-party defendants in defending this action. After concluding that the counterclaims filed by Ms. Earley were totally improper both procedurally and legally, the bankruptcy court assessed the penalty. The court noted that Ms. Earley had attempted the same procedural end run around the prohibition against creditors bringing avoidance actions in a related case and had been told by the judge in that case that her methods were improper. Further, the court found that Ms. Earley had failed to allege a proper basis for six of the claims, had failed to serve one of the third-party defendants properly, and had made nonsensical allegations involving

a statutory lien. The court agreed with defendants' counsel that Ms. Earley "just took a shotgun to this thing and hoped that one of [the allegations] would hit." Appellants' App. at 28.

The district court affirmed the imposition of sanctions, finding that a sufficient basis existed for their levy and that there was no error in finding that the fees and costs were reasonable. Ms. Earley does not dispute the latter conclusion; she argues, instead, that the sanction should not have been imposed at all.

An award of attorney's fees is reviewed for abuse of discretion. See Mann v. Reynolds, 46 F.3d 1055, 1062 (10th Cir. 1995). "A court has abused its discretion when it based its decision on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling." Id. at 1062 (quotation omitted). We find no such abuse here.

Contrary to Ms. Earley's contention, the law was not unclear as to whether creditors could bring avoidance actions. Indeed, to Ms. Earley, the law should have been especially clear because she had tried her tactic before a different bankruptcy judge and had failed to prevail. As the district court observed, "[t]he legal issues in her third party complaints are different but her procedural deficiencies are the same." Appellants' App. at 37.

The judgment of the United States District Court for the District

of Colorado is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge