In re C.W. MINING COMPANY, dba Co–Op Mining Company,
Debtor.

Kenneth A. Rushton, Chapter 7 Trustee, Plaintiff,

v.

Woodbury & Kesler, P.C., a Utah Professional Corporation; Russell S. Walker, and individual; Defendants.

Bankruptcy No. 08–20105.
Adversary No. 09–2382.

United States Bankruptcy Court,
D. Utah.

Sept. 30, 2010.

Michael N. Zundel, Tyler Waltman, Prince Yeates & Geldzahler, Salt Lake City, UT, Kenneth A. Rushton, Lehi, UT, for Trustee.

David R. Williams, Russell S. Walker, Woodbury & Kesler, Salt Lake City, UT, for Debtor.

**MEMORANDUM DECISION GRANTING THE TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT CONCERNING DEBTOR'S BUSINESS RECORDS AND WITHHELD DOCUMENTS**

R. KIMBALL MOSIER, Bankruptcy Judge.

Kenneth A. Rushton, is the Chapter 7[1] trustee (Trustee) in the involuntary Chapter 7 bankruptcy proceeding of C.W. Mining Company (Debtor), and is the plaintiff in this adversary proceeding. Defendant Woodbury & Kesler, P.C. (Woodbury), is a Utah professional corporation doing business in the state of Utah. Defendant Russell S. Walker (Walker), is an individual residing in the state of Utah and is a shareholder of Woodbury. On or around September 1, 2009, the Trustee commenced this adversary proceeding seeking, in part, the turnover of certain document from Woodbury and Walker (collectively the Defendants). On January 29, 2010, the Trustee filed a motion for partial summary judgment which came before the

[1]. All subsequent statutory references are located in Title 11 unless otherwise indicated.

Court on April 5, 2010. The motion for partial summary judgment was taken under advisement. On April 20, 2010, the Honorable Judith A. Boulden recused herself. As a result of Judge Boulden's recusal, the C.W. Mining case and all related adversary proceedings were reassigned to this Court. A renewed hearing on the Trustee's motion for partial summary judgment came before the Court on May 14, 2010, and was taken under advisement. This memorandum decision addresses the portion of the summary judgment relating to the turnover of documents. The Court now grants, in part, the Trustee's motion for partial summary judgment concerning debtor's business records and withheld documents for the reasons set forth below.

## I. JURISDICTION & LEGAL STANDARD

This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157(a), and venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E) and (O), and the Court may enter a final order.

## II. UNDISPUTED FACTS

An involuntary chapter 11 petition was filed against the Debtor on January 8, 2008. Shortly after the involuntary petition was filed, Woodbury and Walker filed an *ex parte* application to employ Woodbury and specifically Walker, as special counsel for the Debtor. On March 7, 2008, Debtor filed a supplemental memorandum in support of the appointment of Woodbury as special litigation counsel. On March 13, 2008, the Court entered an order authorizing the employment of Woodbury as special counsel. The Order appointing Woodbury provided that in the event the Court enters an order for Relief in the involuntary Chapter 11 case, Wood-

bury may reapply for appointment as Special Counsel for the debtor or debtor in possession.

A hearing was conducted to adjudicate whether an Order for Relief should be granted in the involuntary petition. Defendants, representing the involuntary Debtor, argued that the petition should be dismissed because the petition creditors did not hold qualifying claims. On September 25, 2008, the Court granted the Order for Relief under § 303. The Debtor appealed the Order for Relief. The Bankruptcy Appellate Panel affirmed the bankruptcy court's decision and the Debtor has taken its appeal to the 10th Circuit Court of Appeals where it is presently pending.

The case was converted to a case under chapter 7 on November 13, 2008 and Kenneth Rushton was appointed as the chapter 7 Trustee (Trustee).

On April 8, 2009, after being asked by the Trustee to turn over documents relating to the case, Defendants declined to turnover some of the requested documents, and instead provided the Trustee with a privilege log. The privilege log identified three groups of document: (1) "Attorney's notes from files, meeting, depositions, hearings;" (2) "Research memoranda, outlines for hearings[,] evidence and legal argument[s], and cases regarding various issues" and (3) "Spread sheets [sic] regarding assets and liabilities." [2] All of the documents identified on the privilege log, which are collectively referred to as the "Withheld Documents," were created between January 18, 2008, and November 11, 2008. Defendants decline to turnover the Withheld Documents claiming that they are protected as attorney work product.

---

2. Privilege Log, Compl. Ex. L, Dkt. # 1.

On September 1, 2009, the Trustee commenced this adversary proceeding. The first cause of action of the Trustee's complaint seeks turnover of the Withheld Documents under §§ 521(a)(4) and 542(e). Defendants oppose the motion for summary judgment arguing that the Withheld Documents are entitled to attorney work product privilege because the Debtor's appeal with respect to the Order for Relief is still pending, the Debtor and the Trustee remain adverse to one another in name and interest, and the Debtor and the Trustee do not share a common interest in pursuing pending litigation.

## III. DISCUSSION

Summary judgment is appropriate if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. In making this determination, the court must examine the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. A conclusory allegation is insufficient to establish an issue of fact under Rule 56.[3]

The burden of showing that no genuine issue of material fact exists must be borne by the moving party. "Where ... the moving party does not bear the ultimate burden of persuasion at trial, [the moving party] may satisfy this burden by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.' "[4]

▆▆▆ Defendants argue that the "attorney notes" and the "research memoranda" are not recorded information relevant to the estate's property and financial affairs under §§ 521(a)(4) and 542(e). The Trustee argues that the attorney notes and research memorandum were prepared in representing the debtor and therefore must relate to the estate's property or financial affairs. "[T]he scope of § 541 is broad and should be generously construed...."[5] As a matter of law, documents prepared while representing a debtor-corporation are property of the estate, as are documents, records, or papers relating to property of the estate.[6] As a result, the Withheld Documents are property of the bankruptcy estate and must be turned over to the Trustee unless Defendants can show that the Withheld Documents are protected by privilege.

▆▆▆ The party asserting a work product privilege as a bar to discovery must prove the doctrine is applicable. "A mere allegation that the work product doctrine applies is insufficient."[7] "Unsubstantiated

---

**3.** *Barber ex rel. Barber v. Colo. Dep't of Revenue,* 562 F.3d 1222, 1228 (10th Cir.2009) (*citing Bruner v. Baker,* 506 F.3d 1021, 1025 (10th Cir.2007)).

**4.** *Adamson v. Multi Cmty. Diversified Servs., Inc.,* 514 F.3d 1136, 1145 (10th Cir.2008) (*quoting Adler v. Wal–Mart Stores, Inc.,* 144 F.3d 664, 671 (10th Cir.1998)).

**5.** *Parks v. FIA Card Servs., N.A. (In re Marshall),* 550 F.3d 1251, 1255 (10th Cir.2008) (citation omitted) (alteration in original).

**6.** To the extent that Trustee seeks the Withheld Documents to support his allegations of

bad faith on the part of former management or shareholders, the Withheld Documents are property of the estate. *Delgado Oil Co., Inc. v. Torres,* 785 F.2d 857, 860 (10th Cir.1986) ("[Property of the estate] includes any right of action the debtor corporation may have to recover damages for misconduct, mismanagement or neglect of duty by a corporate officer or director. The trustee in bankruptcy succeeds to that right. Its nature is derivative.")

**7.** *Resolution Trust Corp. v. Dabney,* 73 F.3d 262, 266 (10th Cir.1995).

allegations carry no probative weight in summary judgment proceedings."[8] Defendant's bare assertion of attorney work product privilege, with nothing more is insufficient. Defendants provide nothing to support their assertion of privilege other than to provide a description of each of the three types of documents and argue that the Debtor and the Trustee are adverse to each other. Defendants offer no information or explanation concerning the nature or information contained in the "files, meetings, depositions and hearings" from which the attorney notes are taken. Defendants offer no information or background information to describe the nature and content of the "research memoranda, outlines for hearings[,] evidence and legal argument[s], and cases regarding various issues," nor do Defendants offer any explanation of why "[s]pread sheets [sic] regarding assets and liabilities" should be withheld from the trustee charged with the duty to administer this estate as attorney work product. Defendants have failed to produce redacted copies of the Withheld Documents from which the Court could evaluate the merits of Defendant's claim of attorney work product privilege.

"[F]or a genuine issue of material fact to exist, the nonmovant must present facts upon which a reasonable [trier of fact] could find in favor of the nonmovant."[9] The mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to create a genuine issue of material facts. As a result, the Court must grant Trustee motion for summary judgment with respect to turnover of the Withheld Documents.

■■■■ Even assuming that the Withheld Documents are subject to the work product privilege, the facts alleged by the Trustee, support a judgment ordering the turnover of the Withheld Documents as a matter of law. Federal Rule of Civil Procedure 26[10] permits disclosure of documents and tangible things constituting attorney work product upon a showing of substantial need and inability to obtain the equivalent without undue hardship.[11] The Trustee argues that he has a substantial need for turnover of the Withheld Documents because they are necessary to the Trustee in order to prove the claims asserted by the Trustee in his Tenth Claim for Relief in Adversary Proceeding 09–2248 and because the Withheld Documents are necessary to support the Trustee's allegations of bad faith concerning the Debtor's management and shareholders. Where production of facts is essential to the preparation of one's case, discovery of an attorney's work product may properly be had where the information is otherwise no longer available or can be reached only with difficulty.[12] The Court recognizes that the burden rests on the one who would invade that privacy to establish adequate reasons to justify production of documents protected by attorney work product privilege. Here, the Trustee has carried his burden to show that turnover of the Withheld Documents is

---

**8.** *Bones v. Honeywell Int'l Inc.,* 366 F.3d 869 (10th Cir.2004) (citation omitted).

**9.** *Johnson v. Lindon City Corp.,* 405 F.3d 1065, 1068 (10th Cir.2005).

**10.** This rule is applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7026.

**11.** *Upjohn Co. v. United States,* 449 U.S. 383, 400, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981).

**12.** *See Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

necessary to assist the Trustee with administration of the estate and with pending litigation.

Having determined that Defendants have failed to carry their burden with respect to supporting their assertion of attorney work product privilege and having determined that the Trustee has made a showing that the Withheld Documents contain information that cannot otherwise be obtained without undue hardship and that the information goes to the heart of issues which the Trustee is currently litigating, the Trustee has properly supported his motion for summary judgment.

"Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to go beyond the pleadings and set forth specific facts from which a reasonable [trier of fact] could find in favor of the nonmoving party." [13] Defendants have offered no specific facts to support their assertion of the attorney work product privilege and have offered no specific facts to counter the Trustee's motion for summary judgment concerning turnover of the Withheld Documents, accordingly this Court will grant Trustee's motion for partial summary judgment and will order turnover of the Withheld Documents.

---

13. *Bennett v. Quark, Inc.,* 258 F.3d 1220, 1224    (10th Cir.2001).