FILED
**United States Court of Appeals**
**Tenth Circuit**

**November 29, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DOUGLAS BURNS,

     Plaintiff - Appellant,

v.

SGT. STACEY BUFORD; JOHN
DOE, Colorado Attorney General;
R.N. WOLFF; LT. M. MEEHAN; TED
LAURANCE, P.A.; DR. AASEN; DR.
VAHIL; P.A. TEJINDER SINGH,
NURSE or P.A.'S JOHN AND JANE
DOE'S at DWCF Infirmary; RUDY
HERRERA; JOHN DAVIS,

     Defendants - Appellees.

Nos. 11-1260 and 11-1318
(D.C. No. 1:10-CV-02691-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Douglas Burns, an inmate appearing pro se, appeals two district court orders denying relief from judgment in his civil rights lawsuit. 42 U.S.C. § 1983; 1 R. 76 (May 27, 2011); Burns v. Buford, No. 10-cv-02691-LTB, 2011 WL 2491030 (D. Colo. June 16, 2011). For the reasons that follow, we vacate both of the district court's orders and remand for further proceedings.

Background

Mr. Burns is incarcerated at the Arkansas Valley Correctional Facility (AVCF) in Crowley, Colorado. On November 10, 2010, Mr. Burns filed this civil rights action. In compliance with a district court order, Mr. Burns paid an initial filing fee on January 4, 2011; however, due to a clerical error in the district court, that payment was not recorded until over five months later. In the meantime, on February 7, a magistrate judge ordered Mr. Burns to file an amended complaint in compliance with Rule 8, Fed. R. Civ. P., within thirty days. Mr. Burns did not. On March 15, the district court dismissed Mr. Burns's complaint, without prejudice, citing failure to pay the initial filing fee, failure to file an amended complaint, and failure to prosecute his case. 1 R. 41-42.

According to Mr. Burns, he did not receive the district court's order to submit an amended complaint until roughly two months after the court dismissed the case. He explains that, due to a medical condition, he received no less than seventeen emergency and medical transfers between infirmaries and hospitals, and

underwent three surgeries, between December 13, 2010 and mid-May 2011. Only then, he claims, did he become aware of the court's order and dismissal. Further, he claims that there are official prison transfer and mail logs that support his allegations.

Mr. Burns filed a Motion for Enlargement of Time After Expiration and/or for Relief from Judgment on May 25, 2011 ("Rule 60(b) motion"), along with four other motions requesting various relief. He explained that he was currently incapacitated and had been separated from his legal materials for months. He requested that the district court vacate its March 15 order dismissing the case and grant him ninety days to become current in the case; he also submitted a doctor's letter in support of his need for additional time due to ongoing medical issues. The district court entered a minute order on May 27 explaining that the case had been dismissed and denying all of Mr. Burns' motions as moot. 1 R. 76.

In a pleading filed June 3, 2011, Mr. Burns responded to the district court's May 27 order and inquired why the court had not considered his Rule 60(b) motion first, as resolution of that motion would have determined the mootness of the other motions. 1 R. 77. In a letter filed June 7, 2011, Mr. Burns sought forms to appeal the district court's May 27 order. 1 R. 79. The district court clerk construed the letter as a notice of appeal (No. 11-1260).

On June 8, 2011, a day after the appeal had been docketed, the district court entered an order revisiting its May 27 order. 1 R. 82-85. On June 16, 2011,

the district court amended this order (June 8) to correct dates. <u>Burns v. Buford</u>, 2011 WL 2491030 (June 16, 2011). The district court acknowledged that Mr. Burns had paid the initial filing fee, and vacated its dismissal order to the extent it rested on that ground. <u>Id.</u> at *1. The court also vacated its May 27 order denying the Rule 60(b) motion as moot, and instead considered that motion on the merits, ultimately finding that Mr. Burns had shown no extraordinary circumstances warranting relief from judgment. <u>Id.</u> at *2. Specifically, the district court noted that Mr. Burns had filed motions with the court while he claimed to be in transit and/or incapacitated, and that the order to amend had not been returned to the court as undeliverable. <u>Id.</u>

Mr. Burns filed a notice of appeal relating to the district court's last order (No. 11-1318), and explained that he did not intend to begin his appeal with his letter requesting forms but that he was able to continue regardless. We consolidated Mr. Burns' appeals for procedural purposes. Mr. Burns also asked this court to dismiss this second appeal (No. 11-1318), explaining that his request for forms was construed as an appeal and that he cannot afford the filing fees for both.

### Discussion

We review a district court's denial of a motion for relief under Rule 60(b) for an abuse of discretion, bearing in mind that such relief only may be granted in

exceptional circumstances.  <u>ClearOne Commc'ns v. Bowers</u>, 643 F.3d 735, 754 (10th Cir. 2011).

A.    No. 11-1260

Mr. Burns' first appeal challenges the district court's May 27 order denying his Motion for Time or Relief as moot.  The district court apparently reasoned that the motion was moot because the suit had been dismissed.  Rule 60(b) provides, in relevant part, that a district court "may relieve a party . . . from a final judgment [or] order" based on, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1), (6).  Rule 60(c) also specifies that "motion[s] under Rule 60(b) must be made within a reasonable time," which is no more than one year in some circumstances and open-ended in others.  Fed. R. Civ. P. 60(c).

Rule 60(b), by its terms, only applies following "a final judgment, order, or proceeding."  Mr. Burns' motion therefore cannot be moot simply because the case was dismissed; by contrast, his motion only was timely *after* dismissal.

B.    No. 11-1318

Mr. Burns challenges the district court's order denying his Rule 60(b) motion on the merits, arguing that the district court erred by finding no extraordinary circumstances warranting relief.  However, we resolve this appeal on jurisdictional grounds, which we may raise *sua sponte* on appeal.  <u>See</u> <u>Brereton v. Bountiful City Corp.</u>, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[I]t is

our responsibility to correct an action by the district court that exceeds its jurisdiction."); see also Delgado Oil Co., Inc. v. Torres, 785 F.2d 857, 859-60 (10th Cir. 1986) (examining whether the district court had jurisdiction to hear a matter after explaining that, "although the parties never challenged jurisdiction, we must *sua sponte* raise the issue to assure our proper jurisdiction").

Under Rule 60(a), a district court generally has the authority to "correct a clerical mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record," whether "on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). This appears to be what the district court did in its last order, albeit without citation to Rule 60(a): it implicitly acknowledged its errors in (1) holding that Mr. Burns had not paid his initial filing fee and (2) labeling his Rule 60(b) motion as moot. That correction, however, came too late. The remainder of Rule 60(a) explains that such a correction "after an appeal has been docketed in the appellate court and while it is pending" requires "the appellate court's leave." Fed. R. Civ. P. 60(a). Furthermore, a notice of appeal confers jurisdiction on the court of appeals while divesting the district court of those matters on appeal. United States v. Madrid, 633 F.3d 1222, 1226 (10th Cir. 2011). A district court may, in line with Madrid and related cases, act in aid of an appeal—for example, by resolving a collateral matter—but it may not vacate the order that is the basis for the appeal. Likewise, a court of appeals may issue a limited remand order to allow the district court to

rule on a motion that it otherwise would lack authority to grant due to a docketed and pending appeal, Fed. R. App. P. 12.1(b); but that did not happen here. Mr. Burns' letter itself referenced, and was docketed as referencing, the district court's May 27 order, which the district court attempted to vacate one day after the appeal was docketed.

The district court erred in labeling Mr. Burns' Rule 60(b) motion as moot on May 27, and lacked jurisdiction to vacate that order after a notice of appeal was filed. We therefore VACATE the district court's May 27 order insofar as it denies the Rule 60(b) motion, as well as the district court's final amended June 16 order in its entirety, and REMAND for the district court to consider Mr. Burns' Rule 60(b) motion after Mr. Burns has been allowed to submit his evidence supporting his claim of non-receipt of the February 7 order. We grant IFP status to Mr. Burns in No. 11-1260 and remind him of his continuing obligation to make partial payments.[1]

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[1] In view of the complex procedural history of the case and our resolution, we do not assess a second appellate filing fee in No. 11-1318.