FILED
United States Court of Appeals
Tenth Circuit

February 10, 2011

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

ERIC M. MADRID,

        Defendant - Appellant.

No. 09-2262

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. NO. 1:08-CR-00683-LH-1)**

---

Joel M. Carson III, Roswell, New Mexico, for Defendant - Appellant.[*]

Gregory Fouratt, Assistant United States Attorney, (Kenneth J. Gonzales, United States Attorney, and Laura Fashing, Assistant United States Attorney, on the brief), Albuquerque, New Mexico, for Plaintiff - Appellee.

---

Before **KELLY**, **BALDOCK**, and **HARTZ**, Circuit Judges.

---

**HARTZ**, Circuit Judge.

This appeal requires us to determine whether the government properly

challenged the district court's order granting an extension of time to file a notice

---

[*]Counsel on appeal did not represent Mr. Madrid until the briefing on the merits.

of appeal and, if so, whether the grant was proper.  We hold that the government's motion to dismiss the appeal as untimely was a proper vehicle to challenge the extension order, the government did not forfeit its right to challenge the order by failing to move the district court to reconsider the order, and the order must be reversed.  We therefore dismiss the appeal.

Eric M. Madrid pleaded guilty in the United States District Court for the District of New Mexico to one count of being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g), and was sentenced to 77 months' imprisonment.  Judgment was entered on September 17, 2009.  Mr. Madrid filed a notice of appeal on October 19, three weeks after expiration of the 10-day period to appeal.  *See* Fed. R. App. P. 4(b)(1) (2009) (repealed December 1, 2009).[1]

Realizing that his notice was untimely, Mr. Madrid filed on October 29 a motion under Federal Rule of Appellate Procedure 4(b)(4) to extend the time in which to file his notice, claiming excusable neglect.  His sole ground for asserting excusable neglect was that "trial counsel had only filed one notice of appeal in federal court in the last fifteen years and made a mistake in thinking thirty days was allowed to file the notice of appeal."  R., Vol. 1, at 195.  In the motion he acknowledged that it was opposed by the government.  Although the district court's local rules gave the government 14 days to respond to the motion, the

---

[1]Effective December 1, 2009, the period to appeal was extended to 14 days. *See* Fed. R. App. P. 4(b)(1) (2010) advisory committee's note, 2009 Amendments.

district court granted it on November 3, 2009. The court's one-sentence order did not mention excusable neglect.

On November 9 the government moved this court to dismiss the appeal on the ground that an attorney's confusion about deadlines does not constitute excusable neglect. Mr. Madrid filed a response to the motion in which he argued (1) "that if a notice of appeal is filed within the 30[-day] extension period, the District Court can act on the motion and consider excusable neglect"; (2) that his counsel's confusion about filing deadlines constituted excusable neglect; (3) that he "did not tell counsel he wanted to file an appeal until the ten (10) days had passed[,] . . . due in part because effective communication has been l[o]st between counsel and client"; (4) that he "should not be denied his right to appeal as it was a condition of his plea"; and (5) that he "should not have to go through an extended § 2255 process in order to have an appeal heard." Appellant's Resp. to Mot. to Dismiss for Late Filing of Notice of Appeal at 1–2, *United States v. Madrid*, No. 09-2262 (10th Cir. Nov. 22, 2009). We reserved ruling on the motion until the appeal was fully briefed.

In his brief-in-chief Mr. Madrid raises only the merits of his appeal (which concern the denial of a motion to suppress). The government's answer brief addresses timeliness along with the merits of the appeal. On the timeliness issue it repeats the assertion in its dismissal motion that confusion about deadlines does not rise to the level of excusable neglect. It also addresses the other grounds for

excusable neglect claimed by Mr. Madrid in his response to the dismissal motion and contends that we should enforce the time requirement sua sponte even if the government failed to object properly to the district court's extension of time. In his reply brief Mr. Madrid argues that the government forfeited its right to have the time bar of Federal Rule of Appellate Procedure 4(b) enforced because it failed to raise before the district court (in a motion to reconsider or otherwise) the alleged impropriety of finding excusable neglect. He also disputes the government's argument that the timeliness issue deserves sua sponte action by this court.

## II.    DISCUSSION

We hold (1) that the government did not need to file a cross-appeal to challenge the district court's order extending Mr. Madrid's time to appeal, because an appellee can challenge an extension order by filing a motion to dismiss in this court; (2) that the government did not forfeit its right to challenge the extension order by not raising the issue in district court, because this court acquired appellate jurisdiction before expiration of the government's time to respond in district court to Mr. Madrid's motion for extension of time; and (3) that the district court improperly granted an extension, because ignorance of appellate deadlines is not excusable neglect. We now proceed to explain our holdings.

## A. Propriety of Motion in This Court

Our first concern is whether the government's motion to dismiss the appeal was a proper procedure for challenging the district court's grant of an extension of time to Mr. Madrid to file his notice of appeal. There is authority for the proposition that an appellee challenging such an extension of time should file a cross-appeal. *See Amatangelo v. Borough of Donora*, 212 F.3d 776, 780 (3d Cir. 2000); 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure §3950.3 at 307–08 (2d ed. 1996) (relying on *Amatangelo* without further discussion). But we are not persuaded.

The office of a cross-appeal is to give the appellee more than it obtained by the lower-court judgment. *See* Gregory A. Castanias and Robert H. Klonoff, Federal Appellate Practice and Procedure in a Nutshell 134 (2008) ("It is well settled that absent a cross-appeal, a party may not use his opponent's appeal as a vehicle for attacking a final judgment in an effort to diminish the appealing party's rights thereunder." (internal quotation marks omitted)). The Supreme Court recently affirmed the cross-appeal rule, stating that "[u]nder that unwritten but longstanding rule, an appellate court may not alter a judgment to benefit a nonappealing party." *Greenlaw v. United States*, 554 U.S. 237, 244–45 (2008). Three justices asserted (and were not contradicted by the majority on this point) that the rule is not a jurisdictional requirement but simply a rule of appellate practice. *See id.* at 256–59 (Alito, J., dissenting).

Considering the cross-appeal requirement in this light, we believe that it was not necessary for the government to file a cross-appeal from the district court's order granting an extension of time to appeal. In moving for dismissal of the appeal, the government was not seeking alteration of the judgment below in its favor. For decades we have permitted motions by appellees seeking to dismiss appeals as untimely, even when the district court has granted an extension of time that is being challenged by the motion. *See Gooch v. Skelly Oil Co.*, 493 F.2d 366, 367–68 (10th Cir. 1974). One might distinguish our prior practice on the ground that we were treating the timeliness of an appeal as a jurisdictional matter—one that we had an obligation to address regardless of how, or even whether, it had been presented to the court by a party. *See City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1045 n.8 (10th Cir. 1994). But recently we held that even though the timeliness of a criminal appeal is not a jurisdictional matter, we can sua sponte dismiss such an appeal as untimely. *See United States v. Mitchell*, 518 F.3d 740, 750–51 (10th Cir. 2008) (considering whether to dismiss appeal on ground that district court improperly granted motion to extend time for appeal). If we can do so sua sponte, surely the failure to cross-appeal does not automatically bar our consideration of a motion to dismiss.

Moreover, this circuit's local rules permit a party to file "a motion to dismiss the entire case for lack of appellate jurisdiction *or for any other reason* a dismissal is permitted by statute, the Federal Rules of Appellate Procedure or

these rules." 10th Cir. R. 27-2(A)(1)(a) (emphasis added). Timeliness of a criminal appeal, although not a matter of jurisdiction, is such a reason for dismissal. Indeed, when a challenge to the timeliness of a criminal appeal is properly presented by the appellee, we *must* enforce the time bar. *See Mitchell*, 518 F.3d at 744.

Accordingly, we hold that the timeliness of Mr. Madrid's appeal was properly brought before this court by the government's motion.

## B.    Forfeiture

Mr. Madrid raises a second procedural concern. He contends that the government forfeited its right to object to the extension because it did not raise the objection below. Although his motion requesting an extension noted that the government opposed the request, we agree that the government needed to do more to present its objection to the district court. Nevertheless, "[i]f a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party." Fed. R. Crim. P. 51(b). In this case Mr. Madrid filed his motion for an extension on October 29, 2009, and the district court granted the motion five days later on November 3. Yet the Local Rules of Criminal Procedure for the United States District Court for the District of New Mexico allow a party 14 days to respond to a motion. *See* D.N.M.LR-Cr. 47.8 (March 1, 2009). The government cannot be faulted for failing to object when the local rule gave it nine more days to respond.

Mr. Madrid further contends, however, that even if the government had a valid excuse for not objecting before the district court ruled on November 3, it should have preserved its objection by moving the district court to reconsider the extension order. But even if we assume, without deciding, that a motion for reconsideration constitutes an adequate opportunity to object under Rule 51(b), the government had no opportunity to file such a motion in this case because, as we shall explain, the district court's acceptance of Mr. Madrid's notice of appeal deprived it of jurisdiction to grant a motion to reconsider its extension of time to file an appeal. Therefore, the government's failure to file such a motion did not forfeit its right to challenge the extension order in this court.

Mr. Madrid filed his notice of appeal on October 19. Thus, when the district court granted the extension of time, his notice of appeal became effective and the case moved from the district court to this court. Typically, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 US 56, 58 (1982). This rule "is a judge-made doctrine, designed to promote judicial economy and avoid the confusion and inefficiency that might flow from putting the same issue before two courts at the same time." 20 James Wm. Moore et al, Moore's Federal Practice §303.32[1] (3d ed. 2010); *see* 16 Charles Alan Wright, et al., *supra* §3949.1 ("[T]he rule . . . is a judge-

made doctrine designed to implement a commonsensical division of labor between the district court and the court of appeals.")

To be sure, an effective notice of appeal does not prohibit all later action in the case by the district court. Under the Federal Rules the district court can proceed to resolve some matters simultaneously with the appellate court's consideration of the appeal. For example, Federal Rule of Appellate Procedure 4(b)(5) gives the district court concurrent jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a). Also, the Appellate Rules specify certain motions that toll the time to file a notice of appeal, and the effect of a notice of appeal is suspended while such a motion is under consideration by the district court. *See* Fed. R. App. P. 4(a)(4)(B)(i) (civil appeals); *id.* 4(b)(3)(B) (criminal appeals); *id.* advisory committee's note, 1993 Amendment ("A notice [of appeal] filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.").

In addition, appellate courts have carved out further exceptions to the general rule that allow district courts to address certain matters when judicial efficiency is thereby enhanced. District courts "may act in aid of the court of appeals' exercise of its jurisdiction," may address "matters that are [not] comprehended within the appeal," and may continue full consideration of the case

if it certifies that the notice of appeal is invalid or frivolous. 16 Charles Alan Wright et al., *supra* §3949.1; *see Stewart v. Donges*, 915 F.2d 572, 575 n.3 (10th Cir. 1990) (district court retains jurisdiction over ministerial matters in aid of the appeal and matters tangential to the appeal); *id.* at 576–78 (discussing district-court certification that the appeal is frivolous or forfeited); *Garcia v. Burlington N. R.R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987) (district court retains jurisdiction over "collateral matters not involved in the appeal"); 20 James Wm. Moore et al., *supra* §303.32[2][b] (district court may take steps to maintain status quo or in aid of appeal, may address matters not involved in the appeal, and may proceed if appeal is frivolous).

None of these exceptions would permit the district court to reconsider its order granting an extension of time. The Federal Rules contain no explicit provision allowing a district court to reconsider an extension order during the pendency of an appeal or suspending the notice of appeal during consideration of such a motion to reconsider. As for the court-created exceptions, granting a motion to reconsider (thereby rendering the appeal untimely) would thwart, not aid, the court of appeals' exercise of its jurisdiction, and the subject matter of a motion to reconsider an extension goes to the heart of the case before the appellate court—the court of appeals' authority to hear the appeal. *Cf. Dickerson v. McClellan*, 37 F.3d 251, 251-52 (6th Cir. 1994) (district court lacks jurisdiction to dismiss notice of appeal); *Camby v. Davis*, 718 F.2d 198, 200 n.2 (4th Cir.

1983) (same); *Tryforos v. Icarian Development Co.*, 518 F.2d 1258, 1264 (7th Cir. 1975) (same).

We see no reason to expand the universe of court-created exceptions to the general rule depriving the district court of authority to rule on matters once the case is in the court of appeals. Ordinarily, as in this case, there is no particular advantage to having the district court decide whether it had properly found good cause to grant an extension of time. And it should improve overall judicial efficiency to stick with fairly clear guidelines regarding the division of labor between the district court and the court of appeals, rather than encouraging litigation of the issue case by case. If an occasion arises when it could be helpful to the appellate court for the district court to make factual findings or exercise discretion in reviewing its prior decision regarding an extension of time, the court of appeals can use the indicative-ruling procedure of Federal Rule of Appellate Procedure 12.1 to remand the matter to the district court. *Cf. Nat'l Ass'n of Home Builders v. Norton*, 325 F.3d 1165, 1167–68 (9th Cir. 2003) (ruling that district court lacked jurisdiction to grant a second Rule 54(b) final-order certification while question of sufficiency of first such order was pending in the appellate court, but then remanding to district court to grant or deny a new Rule 54(b) certification).

In sum, the district court would have lacked authority to grant a motion by the government to reconsider its extension order after the notice of appeal became

effective. Therefore, the government's failure to file such a motion did not forfeit its right to challenge the extension order in this court.

### C.     Merits of Excusable-Neglect Finding

The merits of the government's challenge can be easily resolved. We review the district court's finding of excusable neglect for a clear abuse of discretion. *See United States v. Torres*, 372 F.3d 1159, 1161 (10th Cir. 2004). In district court Mr. Madrid's only support for his claim of excusable neglect was that his trial counsel thought that he had 30 days in which to file a notice of appeal instead of only 10. But we have held that precisely this error does not constitute excusable neglect. *See id.* at 1160–64. We therefore hold that the district court abused its discretion in granting Mr. Madrid an extension of time to file his notice of appeal. The appeal was therefore untimely and must be dismissed.[2]

## III.   CONCLUSION

The appeal is DISMISSED.

---

[2]We do not address the grounds for excusable neglect asserted in Mr. Madrid's November 22 response in this court because he did not raise them below. *See United States v. Mora*, 293 F.3d 1213, 1218 (10th Cir. 2002).

No. 09-2262, United States v. Madrid

**KELLY**, Circuit Judge, concurring in result.

I agree with the court that the government was not required to file a cross-appeal to challenge the district court's order extending the time to appeal; a motion to dismiss in this court will suffice. Under our precedent, a district court abuses its discretion in granting an extension solely on the basis of an error concerning a clear deadline. See United States v. Vogl, 374 F.3d 976, 981-82 (10th Cir. 2004); United States v. Torres, 372 F.3d 1159, 1163-64 (10th Cir. 2004).

Because the filing of a notice of appeal in a criminal case is a non-jurisdictional claims-processing rule, the government ordinarily would be required to object or forfeit the issue. See United States v. Mitchell, 518 F.3d 740, 743-44 (10th Cir. 2008); United States v. Garduño, 506 F.3d 1287, 1288-89 (10th Cir. 2007). The government may object to the timeliness of a notice of appeal by motion in this court or in its merits brief; it is not required to make its objection to the district court. Garduño, 506 F.3d at 1292; United States v. Lopez, 562 F.3d 1309, 1313 (11th Cir. 2009); United States v. Singletary, 471 F.3d 193, 196 (D.C. Cir. 2006). What distinguishes this case is that Mr. Madrid persuaded the district court to grant a timely motion for extension of time to file a notice of appeal. Mr. Madrid argues that the government was required to file a motion for reconsideration after the district court granted the extension without benefit of a government response. The court holds that even if such a motion

constituted an adequate opportunity to object, the district court would have lacked jurisdiction to consider it because the notice of appeal had been filed.

Plain and simple, the government was under no obligation to file a motion to reconsider. See Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 872 (3rd Cir. 1994). Neither the federal criminal rules nor the local rules even mention—let alone require—a motion for reconsideration. Cf. Warren v. Am. Bankers Ass'n, 507 F.3d 1239, 1243 (10th Cir. 2007) (observing that in civil matters such motions are generally construed as arising under Fed. R. Civ. P. 59(e) or 60). In the civil context, there is "absolutely no authority that creates an obligation to raise a motion to reconsider in order to preserve [an] argument for appeal." Walker v. Abbott Laboratories, 340 F.3d 471, 474 (7th Cir. 2003); see Penobscot Indian Nation v. Key Bank of Me., 112 F.3d 538, 563 (1st Cir. 1997) (no requirement to seek reconsideration when a district court grants summary judgment sua sponte). That also is the case here.