NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0723n.06

Case No. 08-1934

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Aug 07, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MARY SCOTT, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| METROPOLITAN HEALTH CORP., *et al.*, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

BEFORE:  BATCHELDER, Chief Judge; SUHRHEINRICH and SUTTON, Circuit Judges.

ALICE M. BATCHELDER, Chief Judge.  Plaintiff-appellant Mary Scott appeals a post-judgment order denying her Federal Rule of Civil Procedure – Rule 60(b) motion to vacate an award of sanctions.  We affirm.

When the district court realized that plaintiff Mary Scott had prosecuted a baseless retaliatory discharge suit (based on falsified evidence, perjury, and improperly withheld discovery), it dismissed her case and awarded defense counsel $1.6 million in discovery sanctions, representing approximately 80% of the costs incurred.  Scott appealed, arguing, among other things, that the trial judge should have *sua sponte* ordered a hearing so that Scott could testify in person, and should have *sua sponte* recused himself.  Scott appealed and we affirmed, holding that the sanctions were properly imposed, a hearing was not required, and the recusal of the trial judge was not warranted. *Scott v. Metropolitan Health Corp.*, 234 F. App'x 341, 345 (6th Cir. 2007).

Scott filed a motion in the district court, seeking under Rules 60(b)(4) and 60(b)(6) to vacate

the judgment on the grounds that the discovery sanction had actually been a criminal contempt order and therefore the absence of a hearing violated due process, and that the trial judge should have recused himself. The district court, relying primarily on the prior Sixth Circuit opinion, denied the motion. Scott appeals.

We review the denial of a Rule 60(b) motion for an abuse of discretion. *Browder v. Dept. of Corrections*, 434 U.S. 257, 263 n.7 (1978). We note first that Scott wholly failed to make any argument relative to her Rule 60(b)(4) motion and, therefore, only her Rule 60(b)(6) motion is before us. The district court did not abuse its discretion by relying on our prior, correct rulings to deny the Rule 60(b)(6) motion. Moreover, her claims have no merit.

We **AFFIRM**.