**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0047n.06

No. 12-4567

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| JILLIAN HOBBS, | ) | **FILED** |
|  | ) | Jan 21, 2014 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE |
|  | ) | UNITED STATES DISTRICT |
| COUNTY OF SUMMIT, c/o Drew | ) | COURT FOR THE NORTHERN |
| Alexander, Sheriff of Summit County Sheriffs | ) | DISTRICT OF OHIO |
| Office; SCOTT PLYMIRE, Deputy Sheriff; | ) |  |
| GLENN STOTT, Deputy Sheriff, | ) |  |
|  | ) |  |
| Defendants-Appellees. | ) |  |
|  | ) |  |

BEFORE:  BOGGS, NORRIS, and WHITE, Circuit Judges.

PER CURIAM.  Jillian Hobbs appeals the district court's orders denying her motions to extend the time to file a notice of appeal and her motion to alter or amend or, in the alternative, for relief from those orders.

Hobbs, through counsel, filed a civil rights action under 42 U.S.C. § 1983 against Summit County and Deputy Sheriffs Scott Plymire and Glenn Stott, alleging that she was detained on a burglary charge pursuant to an unconstitutional arrest warrant.  Because Hobbs had not demonstrated that her burglary conviction or sentence had been invalidated, the district court granted defendants' motion to dismiss for lack of jurisdiction based on *Heck v. Humphrey*, 512 U.S. 477

(1994). Hobbs filed a timely motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), which the district court denied on September 25, 2012.

On October 24, 2012, Hobbs's counsel filed a motion for extension of time to file a notice of appeal from the district court's judgment and its order denying Hobbs's motion to alter or amend that judgment. *See* Fed. R. App. P. 4(a)(5)(A) (providing that a district court may grant a timely motion for extension upon a showing of excusable neglect or good cause). The next day, October 25, 2012, the district court denied the motion noting that Hobbs had not provided any reasons for requesting an extension. The order of denial also stated that Hobbs's deadline for filing a notice of appeal was October 26, 2012, and not October 25, 2012, as Hobbs's motion asserted. Within two hours, Hobbs's counsel filed a second motion for extension, providing the following reasons for the request: (1) Hobbs was incarcerated; (2) co-counsel was relocating his office; (3) undersigned counsel was seeking additional counsel for pro bono assistance; and (4) a motion for reconsideration was pending in the Ohio Supreme Court in Hobbs's state criminal appeal. The district court denied the second motion that same day, finding that Hobbs's had failed to show good cause, and repeating the assertion that the notice of appeal was due the next day, October 26, 2012. Hobbs filed her notice of appeal (No. 12-4281) on October 26, 2012.

On November 21, 2012, Hobbs filed a third motion for extension with the district court, asserting that defendants had moved to dismiss her appeal as untimely and that her reliance on the district court's calculation of the appeal deadline constituted good cause and excusable neglect. Denying the motion on November 26, 2012, the district court acknowledged its miscalculation of

the appeal deadline—Hobb's notice of appeal *was* actually due on October 25, 2012—but concluded that Hobbs's filing of a notice of appeal divested it of jurisdiction to grant the relief sought.

On December 23, 2012, Hobbs filed a second notice of appeal (No. 12-4567), this time from the district court's orders denying her three motions for extension, and also moved the district court to alter or amend those orders pursuant to Rule 59(e) or, in the alternative, for relief from those orders pursuant to Rule 60(a) and (b). The district court denied Hobbs's motion, again stating that it lacked jurisdiction to grant the requested relief. On January 6, 2013, Hobbs amended her notice of appeal to include that order.

This court granted defendants' motion to dismiss Hobbs's initial appeal (No. 12-4281) as late. Presently before the court is Hobbs's appeal from the three orders denying her motions for extension and the order denying her motion to alter or amend, or for relief from, those orders.

With respect to the orders denying her first two motions for extension, Hobbs's appeal is untimely. The district court entered the orders on October 25, 2012; Hobbs filed her notice of appeal more than thirty days later, on December 23, 2012, without filing a timely time-tolling motion or requesting an extension of time to appeal. *See* Fed. R. App. P. 4(a)(1)(A), (a)(4)(A), (a)(5)(A).

Hobbs's appeal from the district court's orders denying her third motion for extension and her motion to alter or amend, or for relief from, the orders *is* timely. The district court denied both motions based on its determination that Hobbs's filing of a notice of appeal (No. 12-4281) divested it of jurisdiction. "As a general rule, the district court loses jurisdiction over an action once a party files a notice of appeal, and jurisdiction transfers to the appellate court." *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993). The district court, however, "retains jurisdiction over an action when

an appeal is untimely." *Id.* at 394–95 (internal quotation marks omitted). As the district court recognized, Hobbs's initial notice of appeal (No. 12-4281) was untimely. The district court therefore erred in denying those motions for lack of jurisdiction to grant the requested relief.

For the foregoing reasons, we DISMISS as untimely Hobbs's appeal from the district court's orders denying her first two motions to extend the time to file a notice of appeal, VACATE the district court's orders denying her third motion to extend the time to file a notice of appeal and her motion to alter or amend or, in the alternative, for relief from the district court's orders, and REMAND for the district court's consideration of those motions.