RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 15a0050p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 14-6232

RAYMOND EARL BURCH, JR.,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Kentucky at Bowling Green.
No. 1:08-cr-00052-1—Thomas B. Russell, District Judge.

Decided and Filed: March 20, 2015

Before: GIBBONS, SUTTON, and KETHLEDGE, Circuit Judges.

———————————

**COUNSEL**

———————————

**ON BRIEF:** Kevin M. Schad, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Cincinnati,
Ohio, for Appellant.

———————————

**ORDER**

———————————

SUTTON, Circuit Judge.  With a district court's permission, Raymond Earl Burch, Jr.,
appealed the revocation of his term of supervised release after the fourteen-day deadline for
filing a notice of appeal.  The government moves to dismiss the appeal, claiming that the district
court abused its discretion in excusing the notice's untimeliness.  What looks like a simple
extension motion (and a simple objection to it) raises a not-so-simple question:  Must the United

States file a cross-appeal to challenge the order on appeal or may it challenge the order through a motion to dismiss?

Before answering the question, it is worth filling in a few more details about what happened below. On August 21, 2014, the district court revoked Burch's term of supervised release. *See* 18 U.S.C. § 3583(e). Burch had the right to challenge the revocation on appeal, *see id.* §§ 3557, 3742(a), though the statute does not specify the time within which he must appeal, *id.* § 3742(a). The relevant rules of procedure provide the deadline. Rule 4 of the Federal Rules of Appellate Procedure gives a criminal defendant fourteen days to file a notice of appeal, Fed. R. App. P. 4(b)(1)(A), and permits a district court to extend the time to file a notice for up to thirty additional days, *id.* 4(b)(4). On September 26, after the fourteen-day deadline had come and gone, Burch filed a notice of appeal and a request for an extension of time. The district court granted the requested extension on October 9, rendering his September 26 notice of appeal timely. *See id.*; *United States v. Wrice*, 954 F.2d 406, 409−10 (6th Cir. 1992). The government did not file an appeal (or cross-appeal) of the district court's October 9 order. It now moves to dismiss Burch's appeal as untimely, alleging that the district court abused its discretion in granting the extension.

In the normal course, when an appellant files a notice of appeal after the deadlines specified by Appellate Rule 4, the appellee may file a motion to dismiss the untimely appeal with this court. Fed. R. App. P. 27; *see, e.g.*, *Hobbs v. Cnty. of Summit*, 552 F. App'x 517, 519 (6th Cir. 2014) (per curiam); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 267 (6th Cir. 1998). But what happens when the target of the appellee's argument is a prior order of the district court—in this instance its decision to grant an extension of time to the appellant to file his notice of appeal?

Two circuits have considered the situation and have come to different views. In a brief opinion, the Third Circuit rejected the motion to dismiss (in a civil case) and concluded that the appellee must "appeal from the order granting the extension of time to appeal." *Amatangelo v. Borough of Donora*, 212 F.3d 776, 780 (3d Cir. 2000). That is to say, in the absence of a separate appeal (or cross-appeal) challenging the granting of the extension motion, the court concluded that it lacked authority to dismiss the appeal.

The Tenth Circuit took the opposite position (in a criminal case) and permitted a motion to dismiss. "The office of a cross-appeal," it observed, "is to give the appellee more than it obtained by the lower-court judgment." *United States v. Madrid*, 633 F.3d 1222, 1225 (10th Cir. 2011). But in the context of a granted extension, the court reasoned, no cross-appeal was needed because "the government was not seeking alteration of the judgment below in its favor." *Id.*

We agree with the Third Circuit and offer a few more reasons for taking this path. The starting point is that litigants dissatisfied with a district court's judgment or order normally must file an appeal challenging the decision. Neither the relevant federal statute nor Appellate Rules 3 or 4 refer to cross-appeals by name. They refer to appeals, and a party dissatisfied with a district court's order is well-served to file one, whether labeled an appeal or cross-appeal, within the relevant timelines. Nor is there anything unusual about time-extension orders that suggests a different rule should apply to them. It may be unusual for parties to challenge time-extension orders (and still more unusual for the government to do so, *see* 18 U.S.C. § 3742(b)). But there is nothing awkward about treating the order like anything else that the district court did and thus something that must be challenged through a notice of appeal. Whether a time-extension order happens at the beginning of the case or at the end, it remains an order readily challengeable through a notice of appeal.

In this instance, the district court issued an order granting Burch more time to file his notice of appeal from the judgment. Although the government remained satisfied with the rest of the judgment, it did not agree with the district court's exercise of discretion in the ancillary order. When a party wants an appellate court to reverse a trial court's postjudgment order, it customarily files an appeal with respect to that order. *See, e.g.*, *Decker v. GE Healthcare Inc.*, 770 F.3d 378, 388 (6th Cir. 2014); *Scott v. Metro. Health Corp.*, 531 F. App'x 647, 647 (6th Cir. 2013). So too here: The government should have appealed from the district court's order if it thought the court abused its discretion in granting Burch's motion for an extension of time to file an appeal.

This approach also respects the Supreme Court's directives about when a (largely) prevailing party should file an appeal or cross-appeal. "[F]rom its earliest years," the Court "has recognized that it takes a cross-appeal to justify a remedy in favor of an appellee," *Greenlaw v.*

*United States*, 554 U.S. 237, 245–46 (2008), or to "attack" a district-court "decree with a view to . . . lessening the rights of [its] adversary," *Jennings v. Stephens*, 135 S. Ct. 793, 798 (2015) (quoting *United States v. Am. Ry. Express Co.*, 265 U.S. 425, 435 (1924)). In this case, where the district court extended Burch's time to file a notice of appeal, the government's motion "attack[s]" the district court's order as an abuse of discretion with a view to lessening Burch's rights—indeed his right to appeal at all. *Id.*; *cf. Turi v. Main St. Adoption Servs., LLP*, 633 F.3d 496, 505 (6th Cir. 2011). As the government's goal is to restrict Burch's right to appeal and not to "support" the rest of the district court's judgment, *see Jennings*, 135 S. Ct. at 798, the government should have appealed the district court's order beforehand.

This approach also respects the settings where we *do* dismiss appeals by motion. One such setting is when we lack subject-matter jurisdiction to hear the appeal. There, however, the defect—whether a missed notice-of-appeal deadline in a civil case or some criminal cases, an absence of jurisdiction at the trial level, or some other such problem—is not forfeitable. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). There, indeed, we do not even need a motion to dismiss, much less a cross-appeal, to notice the error; a mere whisper at oral argument will do the trick, as will a court's identification of the problem on its own. *Id.* We also permit motions to dismiss (as opposed to appeals or cross-appeals) that seek to enforce a district court's order, as when a trial court has approved a plea agreement that waives the defendant's right to appeal. *See, e.g.*, *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012). And we permit motions to dismiss where a criminal defendant has filed an untimely notice of appeal without district court authorization. *See, e.g.*, *United States v. White*, 876 F.2d 104 (6th Cir. 1989) (table). But in none of those settings is the moving party seeking to reverse a district court order. That, however, is just what we have here: a request to reverse the district court's decision to extend the time for filing a notice of appeal.

No doubt this approach differs from the approach of the Tenth Circuit, which reviewed a district court's time-extension order through the government's motion to dismiss and did not require an appeal or cross-appeal from that order. *Madrid*, 633 F.3d at 1225. But the Tenth Circuit may have misread Supreme Court precedent in determining when an appellee must file an appeal or cross-appeal. Under the Tenth Circuit's reading, a cross-appeal is required only

when the appellee wants "more than it obtained by the lower-court judgment." *Id.* The court thus considered the government's attack on the district court's time-extension order uncovered by the cross-appeal rule because "the government was not seeking alteration of the judgment below in its favor." *Id.* But *Jennings* makes clear that a cross-appeal is required when an appellee attacks an order with a view toward "enlarging his own rights thereunder *or* of lessening the rights of his adversary." 135 S. Ct. at 798 (emphasis added). The latter possibility is this case.

That leaves the question whether we may overlook the government's failure to file a cross-appeal and address the merits of its motion anyway. We think not, as the requirement is mandatory and consistently followed. "[I]n more than two centuries of repeatedly endorsing the cross-appeal requirement, not a single [Supreme Court case] has ever recognized an exception to the rule." *El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 480 (1999). The government offers no reason to forge a new exception here.

For these reasons, we deny the government's motion to dismiss the appeal.

ENTERED BY ORDER OF THE COURT

_____

Deborah S. Hunt, Clerk