RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 19a0147p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

RICHARD BAATZ, et al.,

  *Plaintiffs-Appellants*,

*v.*

COLUMBIA GAS TRANSMISSION, LLC,

  *Defendant-Appellee*.

No. 18-3233

───────────────

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:14-cv-00505—Thomas M. Parker, Magistrate Judge.

Argued:  November 27, 2018

Decided and Filed:  July 10, 2019

Before:  THAPAR, BUSH, and NALBANDIAN, Circuit Judges.

───────────────

## COUNSEL

───────────────

**ARGUED:**  Rick L. Ferrara, THE LINDNER LAW FIRM, LLP, Cleveland, Ohio, for Appellants.  Paul K. Stockman, KAZMAREK MOWREY CLOUD LASETER LLP, Pittsburgh, Pennsylvania, for Appellee.  **ON BRIEF:**  Rick L. Ferrara, Daniel F. Lindner, THE LINDNER LAW FIRM, LLP, Cleveland, Ohio, for Appellants.  Paul K. Stockman, KAZMAREK MOWREY CLOUD LASETER LLP, Pittsburgh, Pennsylvania, Alexander M. Madrid, MCGUIRE WOODS LLP, Pittsburgh, Pennsylvania, Jodie Hermann Lawson, MCGUIRE WOODS LLP, Charlotte, North Carolina, for Appellee.

───────────────

## OPINION

───────────────

  JOHN K. BUSH, Circuit Judge.  Richard Baatz and fifty other landowners in Medina, Ohio ("Landowners") appeal the district court's grant of summary judgment to Columbia Gas

Transmission, LLC ("Columbia Gas") on Landowners' state-law trespass and unjust enrichment claims involving underground storage of natural gas. Among other things, this case concerns an unusual situation in which, as to one of the claims on which appellee Columbia Gas was found liable (unjust enrichment), it is content to pay the damages awarded even though its position is that no liability should have been imposed at all. A question arises, therefore, as to whether Columbia Gas needed to file a cross-appeal in order to defend the damages award based on an argument that it had no liability on the underlying claim. For the reasons explained below, we hold that no such cross-appeal on liability was necessary, and we **AFFIRM** the judgment of the district court in all respects.

I.

This dispute concerns a natural gas storage area known as the Medina Storage Field, located within the Clinton sandstone formation and approximately 3,000 feet underground in Medina, Ohio.[1] Columbia Gas injects natural gas into the Medina Storage Field (and other storage fields) during the summer months when gas demand is low and withdraws the stored gas during the winter months when demand is high. Landowners own property either directly above or near the boundary of the Medina Storage Field. Although Columbia Gas or its predecessor in interest has been storing gas in the Medina Storage Field since 1959, the earliest that any Landowner purchased any property at issue was September of 1990. Landowners argue that Columbia Gas intentionally invaded the subsurface of their properties to store natural gas without their permission and unjustly enriched itself by using their land without paying fair market rental value for the easement they claim is needed to use the subsurface.

Columbia Gas is subject to the Natural Gas Act ("NGA") and is regulated by the Federal Energy Regulatory Commission ("FERC"). Under the NGA, FERC may issue certificates of public convenience and necessity to authorize the construction and maintenance of facilities related to the natural gas industry. 15 U.S.C. § 717f(c). The NGA also authorizes the FERC certificate holder (e.g., Columbia Gas) to obtain the necessary property by eminent domain if the

---

[1]In reviewing the grant of Columbia Gas's summary judgment motion, we consider the facts in the light most favorable to Landowners, the parties who lost the motion. *See B.F. Goodrich Co. v. U.S. Filter Corp.*, 245 F.3d 587, 593 (6th Cir. 2001).

certificate holder "cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid." *Id.* § 717f(h).  The NGA does not require the certificate holder to acquire the property it uses for its natural gas storage; the statute merely authorizes acquisition. *See id.*

Columbia Gas or its predecessor in interest has been a certificate holder of the Medina Storage Field since 1958, but Columbia Gas did not attempt to obtain any easement rights for the Medina Storage Field until September 2013.  At that time, Columbia Gas wrote letters to Landowners offering to purchase a subsurface easement under each of their properties. Landowners rejected Columbia Gas's offer and filed suit soon thereafter, asserting claims for (1) Trespass, (2) Unjust Enrichment-Use of Property for Storage, (3) Mandamus-Inverse Condemnation, (4) Declaratory Judgment, and (5) Permanent Injunction.  These claims were similar to those in a different class action, *Wilson v. Columbia Gas Transmission, LLC*, No. 2:12-cv-01203 (S.D. Ohio 2012).  *Wilson* involved Columbia Gas but did not include the Landowners. Soon after Landowners filed suit, Columbia Gas filed an amended counterclaim in *Wilson*, adding Landowners as defendants in that case.  As part of this filing in *Wilson*, Columbia Gas sought condemnation to establish easements in the subsurface of Landowners' properties. Columbia Gas then moved to dismiss the present case, arguing that *Wilson* had "first to file" priority.  The district court granted the motion, but this court reversed.  *See Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 787–88 (6th Cir. 2016).

On remand, Columbia Gas and Landowners jointly requested to sever their claims in *Wilson* and to transfer that case to the United States District Court for the Northern District of Ohio.  This request was granted, and *Wilson* was transferred and re-captioned as *Columbia Gas Transmission, LLC v. Booth*, 1:16-cv-01418 (N.D. Ohio 2016).

In *Booth*, the district court decided that Columbia Gas had a right to obtain Landowners' property by eminent domain and could take possession of the land after it paid just compensation.  After that decision, the *Booth* court empaneled a three-commissioner panel to determine the appropriate award for just compensation.  No party objected to the commissioners' final report.

After the transfer to the Northern District of Ohio, Columbia Gas moved to dismiss the complaint in the present case. Because Landowners conceded that the condemnation action in *Booth* "moots their claims for mandamus/inverse condemnation, declaratory judgment, and injunctive relief," the district court dismissed all of Landowners' claims except their trespass and unjust enrichment claims. R. 58, PageID 1032. After discovery, the parties cross-moved for summary judgment.

The district court granted Columbia Gas's motion for summary judgment on Landowners' trespass claims, holding that *Chance v. BP Chemicals, Inc.*, 670 N.E.2d 985 (Ohio 1996) "requires the conclusion that Columbia [Gas's] injection of its natural gas into [the Clinton sandstone] formation was not trespass because the Landowners had no right to exclude Columbia from using that stratum." R. 118-1, PageID 3668. The district court deferred ruling on the unjust enrichment claims until the parties calculated pre-judgment interest from the *Booth* condemnation award to satisfy Landowners' damages relating to their unjust enrichment claims. After the parties calculated the pre-judgment interest award, the district court granted summary judgment in Landowners' favor on unjust enrichment. The district court held that each Landowner was entitled to damages starting from the date that landowner purchased his or her property because Columbia Gas had failed to compensate Landowners for using their subsurface to store natural gas. The district court reasoned that "payment of just compensation in *Booth* will fully compensate the Landowners for any unjust enrichment they may have conferred upon Columbia [Gas]" and thus Columbia Gas "should be required to pay [interest] on the just compensation amount for the period [from] March 5, 2008 through the date just compensation is paid," (the relevant statute of limitations period). *Id.* at 3683.

Landowners timely appealed, challenging the district court's grant of summary judgment with respect to both their trespass claims and unjust enrichment claims. Columbia Gas did not file a cross appeal.

II.

We review a district court's decision to grant summary judgment de novo. *Simpson v. Ernst & Young*, 100 F.3d 436, 440 (6th Cir. 1996). A party is entitled to summary judgment

when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." *Mosholder v. Barnhardt*, 679 F.3d 443, 448 (6th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Once the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." *Id.* at 448–89 (citing Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1985)).

## A. Trespass Claims

Under Ohio law, which the parties do not dispute applies here, "[t]respass is an unlawful entry upon the property of another." *Chance*, 670 N.E.2d at 991 (citation omitted). To prove a trespass claim, plaintiffs must demonstrate that (1) they had a possessory interest in the property, and (2) the offending party entered the property without consent or prior authorization or authority. *See Keesecker v. G.M. McKelvey Co.*, 47 N.E.2d 211, 214 (Ohio 1943). The district court granted summary judgment to Columbia Gas on the ground that Landowners could not prove that they had the requisite possessory interest based on *Chance*.

One of the issues in *Chance* was whether BP Chemicals had trespassed by injecting hazardous waste into the subsurface at a remote location which later migrated to the subsurface beneath the plaintiffs' land. As part of its reasoning, the Ohio Supreme Court addressed the property owners' argument that BP Chemicals was liable for trespass because "the owner of land has absolute ownership of all the subsurface property." *Chance*, 670 N.E.2d at 991 (alternation omitted). The implication of that proposition, the Ohio Supreme Court noted, was that "as one of the incidents of absolute ownership, appellants have the right to exclude others." *Id.*

Before *Chance*, the Ohio Supreme Court had characterized a property owner's subsurface ownership as absolute: "The word *land* includes not only the face of the earth, but everything under it or over it. He who owns a piece of land, therefore, is the owner of everything underneath in a direct line to the center of the earth and everything above to the heavens."

*Winton v. Cornish*, 5 Ohio 477, 478 (1832). The *Chance* court, however, rejected this traditional rule, concluding that it "has no place in the modern world." 670 N.E.2d at 991 (quoting *Vill. of Willoughby Hills v. Corrigan*, 278 N.E.2d 658, 664 (Ohio 1972)). "Just as a property owner must accept some limitations on the ownership rights extending above the surface of the property," the Ohio Supreme Court found "that there are also limitations on property owners' subsurface rights." *Id.* at 992. *Chance* thus "extend[ed] the reasoning of [*Village of Willoughby Hills v. Corrigan*], that absolute ownership of air rights is a doctrine which 'has no place in the modern world,' to apply as well to ownership of subsurface rights." *Id.* Based on the "unique facts" of the case, the Ohio Supreme Court concluded "that [property owners'] subsurface rights in their properties include the right to exclude invasions of the subsurface property" only if the property owners prove that the invasion "actually interfere[d] with [their] reasonable and foreseeable use of the subsurface." *Id.*

Applying the new rule, *Chance* held that the property owners "did not, as a matter of law, establish an unlawful entry on their properties by [BP Chemicals]." *Id.* at 993. Stated differently, BP Chemicals did not interfere with the property owners' possessory interest in the subsurface. To interfere with that possessory interest, the defendant must interfere "with the reasonable and foreseeable use of the[ir] properties." *Id.*

Landowners insist that the *Chance* reasoning concerned an indirect trespass and does not apply to direct trespass claims, which they contend they are asserting.[2] We are not persuaded. In holding that BP Chemicals did not trespass in *Chance*, the Ohio Supreme Court necessarily decided the scope of the plaintiffs' possessory interest in their subsurface for both direct and indirect trespass. There is nothing in the Ohio Supreme Court's rejection of the proposition that a property owner has absolute rights in the subsurface indicating a different definition of possessory interest for direct versus indirect trespass. *See Chance*, 670 N.E.2d at 992. Instead, possessory interest is based on the reasonable and foreseeable use of the property owner's

---

[2]A direct trespass includes those actions traditionally within the scope of common law trespass—for example, when a defendant takes an action that immediately results in an invasion of the plaintiff's property. *See Williams v. Oeder*, 659 N.E.2d 379, 382–83 (Ohio Ct. App. 1995); *Brown v. Cty. Comm'rs of Scioto Cty.*, 622 N.E.2d 1153, 1161–62 (Ohio Ct. App. 1993). An indirect trespass, by contrast, occurs when a defendant discharges a foreign object that, after being released on property not owned by the plaintiff, migrates to the plaintiff's property. *See Williams*, 659 N.E.2d at 382–83; *Brown*, 622 N.E.2d at 1161–62.

subsurface, regardless of how the trespass occurred.  Landowners have offered no persuasive reason why the Ohio Supreme Court would vary this understanding of possessory interest depending on whether the alleged trespass is direct or indirect.

Landowners also attempt to distinguish *Chance* because "the Ohio Supreme Court explicitly limited its ruling by stating that oil and gas extraction was 'fundamentally dissimilar to the unique situation' that it faced, declining to apply such law."  Appellants Br. at 18 (quoting *Chance*, 670 N.E.2d at 991).  Landowners, however, take the quoted language from *Chance* out of context.  The Ohio Supreme Court's remark related to whether the negative rule of capture from oil and gas cases would apply to the facts in *Chance*.  *See* 670 N.E.2d at 990–91.  The Ohio Supreme Court's statement did not mean that the *Chance* definition of possessory interest would not apply to oil and gas cases.  Indeed, the Ohio Court of Appeals later applied the *Chance* rule to a trespass claim involving gas migration.  *See Lueke v. Union Oil Co. of Cal.*, No. OT-00-008, 2000 WL 1545077, at *6–7 (Ohio Ct. App. Oct. 20, 2000).  This court also has held that *Chance* applies in contexts other than the specific setting presented in that case.  *See Baker v. Chevron U.S.A., Inc.*, 533 F. App'x 509, 523 (6th Cir. 2013).

Landowners further argue that instead of applying *Chance*, we should follow *Bowman v. Columbia Gas Transmission Corp.*, 850 F.2d 692, 1988 WL 68890 (6th Cir. 1988) (unpublished table opinion) (per curiam) and *Beck v. Northern Natural Gas Co.*, 170 F.3d 1018 (10th Cir. 1999) to rule in their favor.  In *Bowman*, however, this court did not consider whether the alleged trespasser's conduct constituted a trespass because the issue was not preserved for appeal. *Bowman*, 1988 WL 68890, at *2.  And *Beck* involved Kansas law, so it has minimal, if any, value in predicting Ohio law.  170 F.3d at 1021–22.

Thus, under Ohio law, to survive summary judgment on the trespass claim (whether direct or indirect), Landowners must show that Columbia Gas interfered with the possessory interest in their subsurface (i.e., interference with a reasonable or foreseeable use of the subsurface).  *Chance*, 670 N.E.2d at 991–92.  Landowners cannot do that here: indeed, each Landowner in this case has admitted that they have not used and do not intend to use their subsurface.  We therefore **AFFIRM** the district court's grant of summary judgment to Columbia Gas with respect to Landowners' trespass claims.

## B. Unjust Enrichment Claims

The court believed that "Columbia [Gas] has been unjustly enriched by storing natural gas beneath [Landowners'] properties 'since 1959' without having to pay storage fees or even paying just compensation for the taking." R. 118-1, PageID 3679. But it disagreed that Columbia Gas had been unjustly enriched at Landowners' expense for that entire time. This was because "the earliest any of the Landowners' acquired their property was 1990." *Id.* at PageID 3678. To the extent that Landowners "may have conferred upon Columbia," *id.* at PageID 3683, an unjust enrichment *after* acquiring their properties, the court held that Landowners would be compensated for that after receiving just compensation in *Booth*.

Having held Columbia Gas liable for unjust enrichment, the district court ordered that Columbia Gas pay Landowners additional damages in the form of pre-judgment interest on the *Booth* award. The district court limited the Landowners' damages in this regard from "March 5, 2008 through the date of the judgment rendered herein," *id.* at PageID 3682, reasoning that Landowners' unjust enrichment claims were governed by the six-year statute under Ohio Revised Code ("O.R.C.") § 2305.07.

Columbia Gas had argued, among other things, that Landowners "had no ownership right in the stratum," and that "if [Landowners] have no rights in that formation, then they cannot have conferred a benefit upon Columbia by 'allowing' its storage of natural gas there." R. 118-1, PageID 3679. In rejecting that argument, the district court concluded that the Ohio Supreme Court's "use of the terms 'limited' and 'not absolute' in *Chance* signifies that some residual rights in the subsurface strata belong to the surface landowner[s]," and thus Columbia Gas is liable to the Landowners for unjust enrichment. *Id.*

On appeal, Columbia Gas does not challenge the district court's holding that it is liable for unjust enrichment. Instead, Columbia Gas asserts that Landowners' claims for additional unjust enrichment damages claims are "precluded on another ground," because in view of *Chance*, "where a landowner does not use the subsurface, the landowner has no benefit to confer (or at least no benefit that it would be inequitable for an alleged occupier to retain) and an unjust enrichment claim is thus unavailable as a matter of law." Appellee Br. at 44. For the reasons

explained below, Columbia Gas's position has merit.  However, before we address the merits of this substantive argument, we must address the significant procedural issue noted earlier: did Columbia Gas need to file a cross-appeal in order to preserve its argument to affirm the damages judgment on the ground that Columbia Gas has no underlying liability?

1.

"[F]rom its earliest years," the Supreme Court "has recognized that it takes a cross-appeal to justify a remedy in favor of an appellee." *Greenlaw v. United States*, 554 U.S. 237, 244–45 (2008).  The appellee who does not file a cross-appeal "may not 'attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary.'" *Jennings v. Stephens*, 135 S. Ct. 793, 798 (2015) (quoting *United States v. Am. Ry. Express Co.*, 265 U.S. 425, 435 (1924)); *see also United States v. Burch*, 781 F.3d 342, 344 (6th Cir. 2015). However, should an appellee elect not to file a cross-appeal, the appellee may "urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it." *Am. Ry. Express Co.*, 265 U.S. at 435.

Applying these principles in *Burch*, we refused to entertain the argument that the district court had abused its discretion by extending the appellant's time to file a notice of appeal. Because the government in that case had not filed a cross-appeal, entertaining its arguments would have been an impermissible attack on, and infringement of, the appellant's right to appeal. *See Burch*, 781 F.3d at 344–45.  Columbia Gas, by contrast, does not attack the underlying damages award to the Landowners for their unjust enrichment claims.  Columbia Gas, instead, argues an alternative basis for affirmance by attacking the reasoning of the district court's judgment.  This is a distinction with a difference.  By arguing in support of the district court's judgment on an alternative basis, instead of arguing for the reversal of the judgment, we may consider Columbia Gas's alternative argument for affirmance *sans* cross-appeal.

As described by Wright & Miller, "[i]t is proper to hold that the award already made cannot be reversed without cross-appeal.  The argument that no award was proper, however, should be accepted to the extent that it simply defeats an increase that otherwise might seem

appropriate." Wright & Miller, Federal Practice and Procedure § 3904 (2d ed.). The cross-appeal doctrine, by its nature, is designed "to foster repose, providing early notice to the parties of the extent to which a judgment will be challenged by appeal." *Id.* Indeed, it is important that the appellant have fair notice regarding the grounds on which the appellee intends to defend the judgment. Assuming the appellant has fair notice of appellee's arguments, the cross-appeal doctrine should be flexibly administered in the instances where there is a "blurring of the line between support and modification of a judgment that occurs when arguments are made that can be limited to support of the judgment but that logically would require modification." *Id.*

The Seventh Circuit's opinion in *In re Oil Spill by Amoco Cadiz off Coast of France on March 16, 1978*, 954 F.2d 1279 (7th Cir. 1992) (per curiam) illustrates these principles. In *In re Oil Spill*, the defendant-appellee argued that the plaintiffs-appellants should not be awarded additional prejudgment interest because they should not have been awarded prejudgment interest in the first instance. *Id.* at 1333–35. The defendant-appellee did not try to defend the district court's award of prejudgment interest and argued that "the French plaintiffs should count themselves lucky. Because the district court could (and in [the defendant's] view should) have declined to award any prejudgment interest, [the defendant] insist[ed] that the French plaintiffs were not entitled to an increase." *Id.* at 1333. The plaintiffs-appellants countered that this argument was not preserved because the defendant-appellee did not file a cross-appeal. The Seventh Circuit disagreed, reasoning that although the defendant "[could not] obtain a favorable alteration in the judgment without a cross-appeal, [] it may urge in defense of the judgment any argument preserved below—even an argument the logical implications of which would call for a different judgment," and thus proceeded to consider the argument. *Id.* (citation omitted); *see also Baca v. Ladd*, 77 F.3d 480, 1996 WL 46567, at *4 (5th Cir. 1996) (unpublished table opinion) (holding that the court could consider appellee's argument absent a cross-appeal that appellant was not the prevailing party because appellant would "not be entitled to increase the amount of attorneys' fees awarded to him").

Columbia Gas's argument is similar to the appellee's argument in *In re Oil Spill* and *Baca*. In making the argument that Landowners' unjust enrichment claims are "precluded on another ground," Columbia Gas does not ask us to reverse the district court's judgment. Absent

a cross-appeal, that argument would be improper for us to consider. Instead, Columbia Gas makes this argument as an alternative basis for affirming the district court's damages award by tacitly arguing that Landowners should not have been awarded damages in the first instance. Moreover, there is no indication that Landowners have been caught off guard by Appellee's argument on appeal. Indeed, Appellants argued in their opening brief that they may pursue their unjust enrichment claims independent of their trespass claims and rebutted Columbia Gas's alternative argument in their reply brief. Thus, the "flexible" administration of the cross-appeal doctrine is justified in this circumstance, as Landowners were given fair notice of Columbia Gas's position.

In considering Columbia Gas's alternative argument, we are aware that it requires us to conclude that even though the district court found Columbia Gas liable to Landowners for their unjust enrichment claims and subsequently awarded them damages, no further damages should be allowed because no damages should have been awarded at all. However, because Columbia Gas's alternative argument accepts that it must pay the damages that were awarded, it does not run afoul of the cross-appeal doctrine. It seeks no change in the district court's judgment, which, as explained by Wright & Miller, is a key consideration for whether an appellee's argument requires a cross-appeal:

> The abstract incongruity of affirming on grounds that logically dictate reversal should not stand in the way. It is enough that the arguments are properly presented in the district court and the court of appeals. The uncertain virtues of cross-appeal requirements should not be pressed to the point of preserving a pleasing symmetry of opinion. The appellant's interest in repose is sufficient served by preserving its judgment.

Wright & Miller, *supra*, § 3904.

Given these considerations, and the fact that there was no unfair surprise to Landowners from Columbia Gas's alternative argument, no cross-appeal was required for Columbia Gas to argue for affirmance on this ground.

2.

We now turn to the merits of the alternative argument. Under Ohio law, "[u]njust enrichment occurs when a person 'has and retains money or benefits which in justice and equity belong to another, while restitution is the common-law remedy designed to prevent one from retaining property to which he is not justly entitled." *Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 799 (Ohio 2005) (citation and internal quotation marks omitted). To establish an unjust enrichment claim, the plaintiff must demonstrate: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." *Id.* (quoting *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984)).

According to Landowners, Columbia Gas unjustly enriched itself by using the Landowners' subsurface to store its gas without paying fair rental rates for that storage. As the record confirms, and as discussed above, the Landowners do not have a "reasonable and foreseeable use" of their subsurface. As such, the Landowners do not have a present possessory interest in their subsurface and by extension, lack the present ability to exclude Columbia Gas from its subsurface. *See Chance*, 670 N.E.2d at 922. Just as this fact was fatal to Landowners' indirect trespass claim, it is also fatal to Landowners' unjust enrichment claims. *Cf. Sandy v. Rataiczak*, No. 08 NO 347, 2008 WL 5059371, at *5 (Ohio Ct. App. Nov. 25, 2008) (holding that because defendants' actions could not constitute a trespass, plaintiff was not entitled to unjust enrichment damages).

Absent the "absolute right to admit or exclude persons," a landowner does not have a possessory interest in that property. *See Martin v. Lambert*, 8 N.E.3d 1024, 1033 (Ohio Ct. App. 2014) (citations omitted). And under Ohio law, a property owner cannot transfer an interest in her or his property greater than the one she or he currently has. *Cf. Cooper v. Roose*, 85 N.E.2d 545, 547 (Ohio 1949) (explaining that when a landlord issues a rental argument with tenant, "the power and the right to admit . . . and to exclude" is generally transferred to the tenant). Thus, because Landowners did not have a possessory interest in their subsurface, they were not able to transfer that interest to Columbia Gas. And because Landowners could not transfer that possessory interest in their subsurface, it follows that the possessory interest in the subsurface

could not have been a benefit conferred by the Landowners upon Columbia Gas. Therefore, Landowners' unjust enrichment claims fail because Landowners could not show, as they must, that they conferred a benefit upon the defendant. We therefore **AFFIRM** the district court's grant of summary judgment to Columbia Gas with respect to Landowners' unjust enrichment claims.

III.

For the reasons explained above, we **AFFIRM** the district court's judgment.